Hemphill, Cii. J.
There lias been no appearance for tiie appellees, and we liave had no argument in support of the judgment of tiie court. We liave no means of ascertaining tiie views upon which tiie court acted in its various rulings, and this is to be regretted, as tiie principles which must liave been the basis'of some of tiie decisions, are not obvious. With regard lo tiie alleged error iu tiie rejection of the executions, it appears that the original petition claimed only the taxes assessed for tiie year 1841, but the amended petition claimed also'tiie amounts collected by McDonald in 1S41 from the delinquent tax payers of 1840, and tiie executions offered and others which would liave been introduced were for tiie purpose of showing tiie amounts which had been collected fropi this list of delinquents.
Tiie claim set up iu the ameuded petition was distinct from and additional to Hie, original cause of action, but no exception was taken on that ground; and if taken it could not have been supported, although the defendants might liave set up any defense which would liave been available had a separate suit been brought. But the amendment remained on file among the, papers in tiie cause; issues were taken upon its averments; and tiie plaintiff having tiie right of introducing proof in support of its allegations, we can see no ground for tiie reject ion of the executions which conduced to tiie establishment of tiie facts as averred, and were legal and competent evidence for that purpose.
Tiie defendant, iu his amended answer, excepts to the sufficiency of the amended petition to charge him upon the bond which is the foundation of the suit. No action was taken on this exception, and it must bo regarded as waived; and had it been considered it could not have been sustained, as the obligation of the bond is to save, the State harmless from any dereliction of McDonald in failing subsequently to discharge his official duties and to pay over taxes collected by him, without regard to whether they were assessed iu 1S40 or in 1841.
Those executions were issued in September, 1841, and the sheriff and his sureties were, liable for tiie amounts made on them. I-Iad they been received in evidence they would liave shown what these amounts were, and the exclusion of them was unquestionably erroneous.
The second ground of error is in tiie admission of the exhibits II & J offered in’ evidence, by tiie defendant. There is no doubt that tiie document marked II would be good evidence for tiie defendants of payment, provided it had not been already allowed as a credit in the statement of the account furnished from the office of tiie comptroller. The exhibit II is styled a deposit warrant Ho. 824, and dated December G, 1S-11. Now, tiie exact amount of this warrant was on tiie same day entered to tiie credit of McDonald for taxes assessed for tiie year 1840; and tiie number of receipts is identical with that which is styled *192 the warrant, viz, Mo. 824. These coincidences are so remarkable as to place it almost beyond doubt that the sum mentioned in the account as stated and that in the order of the secretary arc identically the same.
But tile secretary states in the order that the money was received by McDonald in collection of the revenue from direct taxes for 1841; and this expression of the secretary, that the money was received from liie taxes for 1841, may raise a shade of doubt as to the identity of the sum credited in the account of taxes for 1S40 with that mentioned in the warrant, and the doubt is sufficient to authorize -the submission of the document to the jury, who are by law judges of the weight of evidence; and, under this view, there was no error in refusing to exclude the paper from their consideration. If no doubt existed as to the identity of the credit and the warrant the paper should not have been received in evidence, aud if on its admission the jury should decide clearly against the weight of evidence, the remedy is by the grant of a new trial. As, on Lite rejection of the executions, there was no evidence to charge the defendants with collections of the taxes for the year 1S40, it.became doubly important, to them that the credit should he entered on the taxes assessed for 1841, and llie identity of the credit given, with the warrant adduced, not being so clear as to justify its exclusion, we are of opinion that there was no error in authorizing its reception, though additional circumstances or explanatory evidence should have been offered to justify the jury in giving effect to the instrument as an evideuce of payment which iiad not been allowed.
On behalf of the State it 'is contended that the exhibit J should have been rejected, on the ground that it docs not appear to have emanated from any officer of the government having authority to make the allowance claimed under it. This position we believe to be sound. The official capacity of Klof-tenbnrg should have been proven. His office is not even designated on the face of the paper. His signature is followed by the initials O. C. T. I). This may mean that he was chief clerk of the Treasury Department; and if so, orders emanating from him should, at this distance of time, be liberally construed in favor of rights claiming their support. But if it be admitted that Kloftenburg had authority to make the order of allowance, the defendants, in attempting to make it effectual in evidence, experience difficulties of a like character, [3§4] though not quite so formidable as those which militate against, the effect of the. document just discussed. The statement of the accounts of ’4") and ’41 show that McDonald was credited on the Cth December, 3841, wllh several sums, amounting in the aggregate to four thousand three hundred and fifty-three S7-100 dollars, being tiie precise sum which was directed by the order to be allowed. There are the sums of two thousand six hundred" and fifty-three 17-100 dollars, under receipt Mo. 824, and the sum of sixly dollars, part of the. receipt Mo. 825, botli credited on the account of taxes for 1S40, and flic sum of sixteen hundred and fort}’' dollars ancl seventy cents, (balance or the receipt Mo. 825,) credited on the account of taxes assessed for 1S41. These together make the sum claimed under the order. There is no date to the order; hut the coincidence in its amount with that of the credits given at a particular day, leads strongly to the conclusion that the credits were constituent portions of the order; and if they be such, to allow them again would he to give a double credit for the same payment.. But the identity of the credits with the order is not so clear as to have on that ground justified its exclusion, though there was error in its admission without proof of the capacity of Klof-tenburg. The remark in relation to the necessity of explanatory evidence in support of the preceding document will apply equally to the one under consideration. " •
As this suit is prosecuted against the sureties alone, the principal having been dismissed, and as a long" period (nearly nine years) elapsed before the commencement of the action, the fullness of proof requisite to support the defense, had the proceeding not been unreasonably delayed, could not now be lioped for or exacted.
The longest period of limitation known to our laws in suits between indi- *193 victuals had nearly expired before the filing of the amended petition, and though, from motives of public policy, there is no prescription against the State, yet nature in her operations recognizes no distinction between Statés and individuals. The destructive effect of time upon the recollections and the lives of witnesses and the written memorials of past transactions is not stayed by the consideration that the State is one of the parties to a claim, and that the suit is prosecuted by the sovereign power.
Note 00. — Williams v. Randon, 10 T., T4; Kinney v. Lee, 10 T., 155; The Governor v. Burnett, 27 T., 32. A judgment will not be rendered by default on an amended petition setting up a new cause of action upon a moneyed demand of which the defendant has had no notice. (Morrison v. Walker, 22 T., 18; Weatherford v. Van Alstyne, 22 T., 22; l)e Walt v. Snow, 25 T., 320.) And so whore a new promise, constituting the cause of action, is pleaded by amendment, the amendment must be served, unless the defendant appear and answer it. (Erskine v. Wilson, 27 T., 117; Furlow v. Miller, 30 T., 28.) When the object of an amendment is merely to cure a defective statement or to give form to what was before informal, no service of the amendment on the defendant is necessary. (King v. Goodson, 42 T., 81.)
Long continued enjoyment raises the presumption of a grant from the State, and great laches should have the like effect of presuming the satisfaction of claims for money, and should relieve defendants-from the necessity of full proofs, many of which, in all probability, are entombed in the obscurities of the past.
Judgment is reversed and cause remanded for a new trial.
^Reversed and remanded.