### MACK v. COLE'S ESTATE.[1]

1. EVIDENCE—CONCLUSIONS—FACTS.
   Where the genuineness of a note presented by a woman as a claim against her mother's estate is involved, a witness cannot state that the deceased had no opportunity, on the day of the date of the note, to sign it; but facts which would show she had no opportunity may be proved.

2. SAME—ADMISSIONS.
   A conversation which occurred between the witness and claimant soon after her mother's death, in which she asked him if he did not know she had her mother's note, and he said "No," is competent on behalf of the estate in such suit.

3. SAME—GENUINENESS OF NOTE—FORMER SUIT.
   It was claimed on behalf of the estate that the note was not genuine, and that the items which entered into the consideration of the note had been paid and satisfied by the conveyance of certain real estate. *Held*, that it was competent to introduce the testimony and proceedings in a former suit

[1] Rehearing denied April 22, 1902.

brought by the mother to set aside the deed, as there was a strong presumption from the entire record in that suit that all the items entering into the note were used as a defense, and made the basis of a decree confirming the title to part of the premises.

4. ADMISSIONS—EXECUTION OF NOTE.

An admission of the genuineness of a signature over which a note is claimed to have been written is not an admission of the execution of the note.

Error to Wayne; Rohnert, J. Submitted February 20, 1902. (Docket No. 112.) Decided March 18, 1902.

Esther C. Mack presented a claim against the estate of Sarah C. Cole, deceased, on a promissory note. The claim was disallowed by the commissioners, and claimant appealed to the circuit court. From a judgment for claimant, defendant brings error. Reversed.

*Ignatius J. Salliotte* and *Thomas Hislop*, for appellant.

*Barbour & Rexford*, for appellee.

HOOKER, C. J. The claimant, Mrs. Mack, presented a claim against the estate of her mother, Sarah C. Cole. It consisted of a promissory note for $600, purporting to have been signed by the deceased, the claimant being named as payee. It was dated April 2, 1895. The claim was disallowed, but on appeal the jury found for the claimant, and the case has been brought to this court by the defendant.

After claimant had made her *prima facie* case, the defendant, while admitting the signature of the deceased, claimed that the note was written over her signature, and was a forgery. Counsel also sought to show that the claimant had, for some years previous to April, 1895, lived with the deceased under an arrangement to care for her, in consideration of certain deeds of property theretofore given to her; that about April 1, 1895, a violent personal

encounter occurred between them, which resulted in her going away, and that a few months later a suit was commenced in chancery by the deceased to set aside these deeds; that, upon the hearing, testimony was introduced showing many items of labor and expense incurred by claimant in relation to the previous contract, all of which were taken into consideration by the trial judge, who rendered a decree which gave to this claimant a portion of the property as remuneration for her labor and expense. It was not claimed that the note itself was before that court, but it was claimed that all of the items which went to make up the amount for which the note was given were litigated there.

The questions in the case may be divided into two classes: *First*, those which relate to the question of forgery; *second*, those growing out of the attempt to prove a former adjudication.

The body of the note was in the handwriting of the claimant, and was in different ink from that used in the signature. There was testimony that there had been seen at the residence of the deceased previous to April, 1895, some blank sheets of foolscap paper with deceased's signature upon them, and that the existence of the note was unknown to other members of the family until after Mrs. Cole's death. On the other hand, the claimant's daughter testified to the circumstances attending the alleged execution of the note, and explained the use of two kinds of ink.

It was proper that the witness Carpenter should be denied the privilege of stating that deceased had no opportunity to sign the note upon April 2, 1895. If it was true, she could state the facts which would show that there was no opportunity, and this the judge held that she might do. His course was vindicated by the subsequent testimony, which showed that she was not in a situation to know that no such opportunity occurred.

One Stevenson testified that he had a talk with claimant about this note soon after her mother died, and that she told him that she had " Ma's note," and that she supposed

he knew about it, and inquired if he did not, and he told her "No." The court struck out this testimony, and error is assigned. We think this testimony was competent.

Counsel offered in evidence the files and records in the chancery case for the purpose of showing a former adjudication. The court held that they were admissible only so far as they related to this note. Now, the note was not mentioned in the pleadings or testimony in that case, and we understand that the proceedings were ruled out. We are of the opinion that, if the defendant could show by them that the items which made up the consideration for which the note was given were used by way of defense against the intestate's bill to set aside the deeds, and were made the basis upon which the court made a decree allowing complainant to retain a portion of the lands theretofore deeded to her, it would be a defense to the note, for it would show payment or satisfaction of the debt for which the note was given. Whatever may be said about the pleadings in that case, the testimony shows that claimant asserted a right under the deeds by reason of a part performance of her contract, and brought in some evidence regarding the items. It does not appear that she then claimed to have a note, or omitted any items. The finding of the judge contains the following statement, viz.:

"It is clearly established on both sides that defendant has paid enough by actual work and money to own and deserve the Beech property, and her title to it will not be disturbed, but confirmed. It is equally clear that the Dearborn property cannot be paid for by defendant in the care and attention such as complainant expected. * * * A decree will be granted for complainant as to one-half of the Dearborn 16½ acres, being the portion on which the dwelling house is located, and that defendant deed the same back to complainant, to enable complainant to raise money, if need be, to be cared for therefrom, and to enjoy the income of the entire acreage during complainant's lifetime; the Beech property to belong to defendant."

It was evident that the court was of the opinion that

the land more than paid the daughter for her labor and financial aid to the mother, and therefore compelled her to reconvey a portion of the premises. It is equally clear that he allowed'her to retain some of the land only because of such labor and aid. Whether the items that had gone to make up this note were included or not is a question of fact. The pleading does not expressly show it, but it is claimed that the testimony taken in the chancery case shows that they were considered, and it may be argued that there is a strong presumption from the entire record that they were all included. This record was competent testimony upon the question, which should have been submitted to the jury if the evidence was not so conclusive as to justify a decision of that question by the court.

The claimant was a witness in the chancery case, and was examined at length in relation to the transactions between her mother and herself on and after April 1, 1895. The defendant claims that this testimony was admissible as bearing upon the probability of the execution of the note. We think defendant is right about this. It is claimed, however, that the execution of the note was admitted-on the trial; but the admission is qualified, and, in view of the proofs offered and contention made, could hardly have been considered an admission of more than the genuineness of the signature.

There are other assignments of error, but many of them are not based on exceptions, and others need not be discussed, as they are not likely to affect another trial. We think the alleged books of account of Mrs. Cole were not admissible under the preliminary proof offered regarding them.

For the reasons stated, we feel constrained to reverse the order of the circuit court, with costs, and remand the cause for a new trial.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.