## CHARLES E. HICKS ET AL. v. STEWART & TEMPLETON.

Decided January 23, 1909.

**1.—Pleading—Supplemental and Amended Petition.**

The filing of an amended petition does not supersede and render irrelevant a supplemental petition theretofore filed in reply to defendant's answer.

**2.—Divorce—Attorneys' Fee—Estoppel.**

The fact that assaults and outrages by the husband upon the wife were provoked by the filing of a petition for divorce wherein the attorneys for the wife charged the husband with previous assaults and outrages, would be no defense as an estoppel in a suit by the attorneys against the husband and wife for their fee after the wife had returned to her husband and the suit for divorce was dismissed, in the absence of evidence that the attorneys acted in bad faith in alleging said assaults and outrages.

**3.—Attorneys' Fee—Good Faith—Evidence.**

Where, in a suit by attorneys for their fee in filing a suit for divorce in behalf of the wife, the defendants alleged that the suit was not authorized or brought in good faith by the attorneys in that the alleged grounds for divorce were not authorized by the wife, evidence as to the statements of the wife to the attorneys as to the grounds for divorce were admissible in evidence upon the issue of good faith, and were not subject to the objection that they were hearsay.

**4.—Divorce—Attorneys' Fee—Liability of Husband.**

In order to entitle an attorney to a fee for filing a suit for divorce at the instance of the wife upon the ground of cruel treatment on the part of the husband it was not necessary that the suit for divorce should have been necessary for the personal safety of the wife and for the preservation of her property rights. It was sufficient that the facts were probably true and constituted such cruelty as rendered their living together any longer insupportable.

In such case when the suit is dismissed and the husband and wife live together, the husband is liable for the fee.

**5.—Same.**

Where attorneys file suit for divorce at the instance of the wife and base their claim to a fee for such services upon *quantum meruit*, after the suit was dismissed by the wife and the husband and wife were again living together, the mental condition of the wife at the time she employed the attorneys was irrelevant and immaterial. The right to recover reasonable compensation in such case proceeded alone upon the ground that such action was reasonably necessary for the protection of the wife. If such was the case, both husband and wife were legally liable for the reasonable value of the services rendered regardless of the wife's mental condition.

**6.—Assignment of Error—Insufficiency.**

An assignment of error that the court erred in overruling appellant's motion for new trial "because said verdict and judgment are contrary to law, and contrary to the evidence, and without evidence and law to support the same," is too general to require consideration on appeal.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*Harris & Harris,* for appellants.

*W. P. McLean, Jr.,* and *Stewart & Templeton,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in the sum of twenty-five hundred dollars as the reasonable value of appellee's services as attorneys-at-law in a suit for divorce at the instance of appellant Mrs. Mary W. Hicks, and for the recovery of certain separate and community property, against appellant Charles E. Hicks, instituted on the 13th day of December, 1905. The petition filed upon that day alleged a series of assaults and abuses charged to have been committed by Charles E. Hicks upon his said wife, Mrs. Mary Hicks, during the period of several years previous to and up to the date of said 13th day of December, 1905, the day preceding the alleged employment of appellees by Mrs. Mary W. Hicks. On the 15th day of December, 1905, an amended petition was filed, charging that Charles E. Hicks on that day, but subsequent to the filing of the suit, was guilty of certain other outrages and misconduct and abuses toward his wife, which were set up as additional grounds for the divorce. Appellees alleged in their petition in the present suit that they had fully complied with their contract of employment by Mrs. Hicks; that her cause of action was well founded; that they had acted in good faith, etc., but that for some cause unknown to them Mrs. Hicks abandoned the divorce suit and returned to live with her husband, having the suit dismissed. The performance of their various services was alleged, which it was charged were reasonably worth the sum of twenty-five hundred dollars less two hundred dollars that had been paid by Mrs. Hicks on December 21, 1905.

Appellants filed their second amended answer on December 7, 1906, pleading the general denial and specially to the effect that at the time

of employment Mrs. Mary Hicks was weak in body and mind, incapable of contracting, and that there was no ground for the divorce. It was also specially pleaded that appellees knew of Mrs. Hicks's weakened condition, and so knowing induced their employment; that Mrs. Hicks had complained of her husband to them solely on the ground of infidelity, and specially instructed that no other ground for divorce should be charged; that she soon thereafter ascertained that her complaint in this respect was entirely groundless and accordingly dismissed the suit; that appellees, contrary to their instructions, had charged the various assaults and outrages set up in the petition and amended petition for divorce. It was further specially pleaded that if Charles E. Hicks was guilty of the wrongful acts and outrages charged in the amended petition on December 15th, they were brought about by the wrongs of appellees in wrongfully bringing suit in violation of the terms of their employment, and hence should not be permitted to prove such acts as a probable cause for divorce and as a basis of plaintiff's recovery in this suit.

We find nothing in this case requiring extended discussion. Complaint is made in the first assignment of the action of the court in permitting appellees to read as part of their pleadings to the jury the first supplemental petition filed by them in reply to appellants' answer. This supplemental petition was duly filed subsequent to the answer to which it was a reply, and as such constituted properly a part of the pleadings, notwithstanding appellees' presentation of a subsequent amendment to their original petition. Even if the action complained of was irregular nothing in the statement under this assignment indicates that the action of the court could have been prejudicial.

The second, third, fourth, fifth, sixth, seventh, eighth, ninth, thirteenth and fourteenth assignments of error in various forms present substantially the same question. It is insisted in support of these assignments that the outrages of Charles E. Hicks, charged to have been committed on the day the petition for divorce was filed and set up in the amended petition, can not be considered as a basis for appellees' recovery. The contention is that the filing of the original petition for divorce was wrongfully done by appellees; that this action provoked the outrages complained of, and that appellees therefore should be estopped from taking advantage of their own wrong. No authorities are cited in support of any such contention, and we do not think the record gives color thereto. Not a circumstance is referred to in appellants' statement under the propositions to the assignments which indicates that appellees in filing either the original or amended petitions acted in bad faith, and we think it unnecessary to cite authority for the proposition that if in fact Charles E. Hicks, on the day of the institution of the suit, committed the various scandalous and outrageous things charged to him, they could be properly assigned in an amended petition as grounds for divorce, and appellant Charles E. Hicks can not be heard in a court of justice to defend on the ground that he was provoked thereto by the filing of the original petition, which came to his notice immediately prior to the conduct complained of. As to the hearsay character of the statements made by Mrs. Hicks

to the appellees, referred to in the thirteenth and fourteenth assignments, it is sufficient to say that they were admissible on the issue raised by appellants' plea of bad faith on appellees' part, and were expressly limited by the court's charge in favor of Charles E. Hicks.

Appellants' tenth assignment is as follows: "The court erred in not giving in charge to the jury defendants' special charge No. 4, requested, which is as follows: Before plaintiffs are entitled to recover any amounts against defendants or either of them, the plaintiffs must allege and prove by preponderance of the testimony in this case that the services rendered to Mary W. Hicks, if they rendered any, were at the time of their alleged employment, December 14, 1905, for the necessary protection of the personal safety of the said Mary W. Hicks and for the preservation of her property rights, and unless plaintiffs have done this you will find for the defendant." If Mary W. Hicks acted in good faith in bringing her suit against her husband, Charles E. Hicks, for a divorce and the recovery of property, and if the grounds alleged and set up in her petition were probably true, and if appellees also acted in good faith, all of which was fully and distinctly submitted to the jury in the court's charge, then both Mrs. Hicks and Charles E. Hicks were liable to appellees for whatever the evidence might show their services were reasonably worth. See Speer on Law of Married Women, section 66; McClelland v. McClelland, 37 S. W., 359; Ceccato v. Duetschman, 19 Texas Civ. App., 434; Bord v. Stubbs, 22 Texas Civ. App., 243; Dodd v. Hein, 26 Texas Civ. App., 164. The special charge referred to in the tenth assignment of error was therefore not the law and the court properly refused it. The charge would have required a finding that the filing of the petition for divorce was necessary for the "protection of the personal safety of the said Mary W. Hicks and for the preservation of her property rights." All that was required was that the facts alleged were probably true and constituted such cruelty as rendered their living longer together insupportable.

The court's charge in fact submitted the issue presented in appellants' special charge No. 5, the rejection of which is complained of in the eleventh assignment of error, and their special charge No. 8, to the rejection of which complaint is made in the twelfth assignment, we think was properly refused as presenting an immaterial issue. This charge was that, "If said Mary W. Hicks was in such a state of mind as to render her unable to know and contract for herself and on her own account at the time she engaged plaintiffs, if she did engage them, as alleged in the pleadings, then you will find for defendants." There was evidence tending to show that shortly before and after the petition for divorce was filed Mary W. Hicks was in a highly excited state of mind, rendering her possibly unable to contract, and the evidence therefore perhaps raised the issue presented in this charge. It is to be observed, however, that appellees' action was not founded upon any contract. They sought merely to recover upon a *quantum meruit* for the reasonable value of their services, and if, as charged and as fully and fairly submitted to the jury, the grounds for petition were probably true, that there was reasonable cause for bringing the suit, and that the same was brought in good faith on her part and on ap-

pellees' part, it was authorized, regardless of the state of her mind. To hold otherwise would be to deny to persons mentally incapable of contracting the protection contemplated by the law. The right to recover reasonable compensation for their services in this case proceeds alone upon the ground that such action was reasonably necessary in the protection of the wife. If so, both husband and wife are legally liable for the reasonable value of the necessities so provided, regardless of the wife's mental condition.

The remaining assignment, to the effect that the court erred in overruling appellants' motion for a new trial, "because said verdict and judgment are contrary to law and contrary to the evidence and without evidence and law to support the same," is altogether too general under the rules and numerous authorities to require consideration.

Believing, therefore, that all material issues were fully and fairly submitted by the court's charge, and that no reversible error has been pointed out, it is ordered that the judgment be affirmed.

*Affirmed.*

Writ of error refused.