[Civ. No. 1951. First Appellate District.—February 10, 1917.]

W. W. COLQUHOUN, Appellant, v. H. C. FURSMAN et al., Respondents.

SALE—USE IN PERFORMANCE OF ASSESSMENT WORK—NONLIABILITY OF DEFENDANTS—SUFFICIENCY OF EVIDENCE.—In an action to recover the reasonable value of certain goods, wares, and merchandise alleged to have been sold and delivered by the assignor of the plaintiff to the defendants as a copartnership and individually, findings in the defendants' favor are sufficiently supported by evidence that the goods were purchased by a third party for the purpose of using the same in connection with the performance of the assessment work upon certain placer mining claims, in making the locations for which the names of the defendants were used without their knowledge or authority, and subsequently ratified upon the condition and

understanding that none of the defendants should assume or be charged with any personal liability because of such locations, but that such third party should care for the property, perfect the title, sell or work the locations, and provide all funds necessary for such purposes at his own cost and expense.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Walter Slack, and Joseph K. Hutchinson, for Appellant.

Clayberg & Whitmore, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action brought by the plaintiff as assignee of a certain firm, to recover the sum of $750 as the reasonable value of certain goods, wares, and merchandise alleged to have been sold and delivered by said firm to said defendants as a copartnership and individually, and for which they had refused to pay.

The four defendants who were served with process and appeared herein denied that they were copartners, or that as such or individually they or either of them had purchased any wares or merchandise from plaintiff's assignor; and they also averred affirmatively that plaintiff had already recovered judgment against certain other persons on account of the sale to them of such goods. Upon the issues thus framed the cause went to trial, at the conclusion of which the trial court gave judgment in favor of the defendants. The court also denied the plaintiff's motion for a new trial on the ground of newly discovered evidence, and from such judgment and order the plaintiff appeals.

We find no merit in the first contention of the appellant that the evidence was insufficient to support the findings and judgment in defendants' favor. The evidence educed at the trial showed the following state of facts: In the month of October, 1910, one Henry E. Lee caused to be located 175 placer mining claims at Searles Lake, in San Bernardino County. In so doing he used the names of the defendants in this action without their knowledge or authority. Sub-

sequently, according to the testimony of said Lee, he procured from these defendants a ratification of his acts in using their names in making said locations, but upon the condition and understanding that none of said defendants should assume or be charged with any personal liability because of such locations, but that said Lee should care for the property, perfect the title, sell or work the said locations, and provide all funds necessary for such purposes without any personal liability on the part of the defendants. Subsequently, when certain assessment work was required to be done upon these locations, said Lee, in co-operation with Thomas W. Pack and T. O. Toland, proceeded to employ men and incur expense in doing such work, and in so doing purchased the goods, wares, and merchandise from the assignor of the plaintiff for the value of which this suit was brought.

Upon the trial of the action Lee was called as a witness for the plaintiff and testified circumstantially to the foregoing state of facts. The evidence further disclosed that the assignor of plaintiff had no direct connection or communication with any of these defendants in respect of such transaction; but, on the contrary, showed that the goods were purchased by said Thomas W. Pack and were charged to him on the seller's books. This evidence, if believed by the trial court, was sufficient to overthrow whatever inference the plaintiff sought to have drawn from the acts and conduct of the defendants in ratifying the action of said Lee and the use of their names in the making of the locations, and also in continuing to recognize said Lee as their agent in the doing of later acts and things in respect to such lands. The utmost that may be said with regard to the testimony in the case and to the inferences to be drawn therefrom is that a substantial conflict exists, which the trial court was justified in resolving in defendants' favor. Its discretion in that regard will not be reviewed upon this appeal.

The appellant criticises the conclusions of the trial court as based upon an alleged implied finding that Lee was not the agent of the defendants in procuring the assessment work to be done upon these locations in the course of which these goods were bought, and which implied finding the appellant claims to be contrary to the undisputed evidence in the case. But we see no room or need for any implied finding in the premises, since the court expressly finds that the goods in

32 Cal. App.—49

question were never sold and delivered to the defendants herein. For the same reason a finding as to the reasonable value of the goods was unnecessary.

The appellant further contends that the trial court erred in directing the judgment in favor of the defendants upon their affirmative plea that the plaintiff had recovered a prior judgment against said Pack and Lee. But the record does not show that the judgment of the court was based upon this plea as a plea in bar, but only discloses that the court found the fact of such prior judgment in response to the issue as to its existence raised by the pleadings. It was not, however, pleaded as a plea in bar, and was not found or declared to be such by the trial court. It thus appears that the court properly admitted evidence in support of such issue and that its finding was correct, and that its judgment in the defendants' favor was not predicated upon such finding as a bar to the present action.

As to the other alleged errors of the court upon the admission or rejection of evidence during the trial, we have examined the voluminous record in the case, and are of the opinion that there is no prejudicial error in any of these rulings; that the court did not err in excluding the evidence of Lee, a witness for plaintiff, as to the scope and details of his agency for the defendants some considerable time after the alleged purchases were made; nor in refusing to admit in evidence as a whole the record and papers in certain actions commenced by said Lee on behalf of the defendants long after the transaction in question, and which record and papers the defendants personally never saw, and of which much was irrelevant and immaterial matter; nor in its other rulings not deserving of special mention; nor do we think that the court erred in refusing to grant the continuance sought by the plaintiff in order to allow certain depositions to be taken, no abuse of its discretion in that regard having been shown; nor was the action of the court in signing its findings and judgment after the death of one of the defendants, said judgment being in his favor, an irregularity by which the plaintiff would be injured or of which he would have the right upon this appeal to complain. We are also of the opinion that there is no manifest abuse of the large discretion with which the trial court was invested in the

granting or refusing a new trial on the ground of newly discovered evidence which is cumulative in its character and effect.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.