## FARRELL et al. v. GILBERT, Judge. (No. 8202.)

(Court of Civil Appeals of Texas. Dallas. Dec. 2, 1922. Rehearing Denied Dec. 16, 1922.)

1. **Pleading ⬳248(17)—Amendment to petition to cancel contracts and recover damages for fraud held not to state new cause of action.**

An amendment to a petition to cancel contracts and sales of corporate stock for fraud and for damages did not state a new cause of action in basing the action on the fraud statute (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a, 3973c), and presenting distinct causes in favor of each plaintiff, and seeking exemplary as well as actual damages.

2. **Process ⬳6 — New cause of action by amendment does not require additional citation to defendant who answered original petition.**

A cause of action may be abandoned and a new one substituted by amendment at any time before trial, if the parties defendant are already in court under their answer to the original petition, without additional service of citation.

3. **Continuance ⬳30 — Not necessitated by amended petition stating new cause of action.**

After defendant had been cited on the original petition, appeared, and answered, an amendment of the petition on leave and notice, though setting up an additional cause of action or changing the character of the cause, held not to entitle defendants to a continuance.

4. **Continuance ⬳30 — Not necessitated by amendment bringing cause within court's jurisdiction.**

An amendment of a petition to bring the amount of recovery sought within the jurisdiction of the court did not require continuance, as a jurisdictional fact may be supplied by amendment.

5. **Pleading ⬳240—Notice not required of term time amendment not surprising opponent.**

Vernon's Sayles' Ann. Civ. St. 1914, arts. 1824, 1825, do not in terms require notice to

opponent of an amendment filed in term time after leave obtained; the only limitation being that it shall be filed at such reasonable time as will not ·surprise the opponent.

Original petition for mandamus by C. E. Farrell and others against J. E. Gilbert, Judge of District Court. Writ granted.

Gano, Gano & Scurry, of Dallas, for relators.

J. C. Muse, of Dallas, for respondent.

HAMILTON, J. This case is presented upon an original petition for mandamus directing the respondent to proceed with the trial of a case in the district court.

On or about the 14th day of September, 1921, relators, as plaintiffs, filed their original petition in the district court of the Sixty-Eighth judicial district of Texas in the cause styled C. E. Farrell et al. v. A. C. Rick et al. The object of the suit was to accomplish the rescission of contracts between the respective plaintiffs and the defendants; also to cancel sales of corporate stock made to the various plaintiffs by the defendants, and to recover damages. The action was based upon allegations of fraud and misrepresentation. Service of citation was had upon the defendants in that cause in due time, and the defendants answered on the 3d day of December, 1921, by filing a general demurrer and general denial.

On the 30th day of October, 1922, in term time, all parties to the suit obtained leave of the court to amend their pleadings. An order to this effect was duly entered on the court's docket. On the same date, after obtaining leave to file an amendment, the plaintiffs, who are the relators here, filed their first amended original petition, alleging substantially the same facts alleged in the original suit, and continuing to base their right of recovery upon the alleged fraudulent conduct of the defendants.

The relators, plaintiffs in said cause, through their attorney, delivered to the attorney of record for the defendants a copy of plaintiffs' amended petition on the date it was filed.

Thereafter, on the 22d day of November, 1922, the case, having been set for that date, was called for trial. The relators, plaintiffs therein, appeared, announced ready for trial, and insisted upon a hearing of the cause upon their amended petition filed as aforesaid on October 30, 1922. The defendants did not appear either in person or by attorney, but, by amicus curiæ, it was suggested to the court that the cause could not be proceeded with for the reason that the amended original petition filed on October 30, 1922, set up a new and distinct cause of action, which rendered it necessary that citation

be issued and served upon the defendants. The court, after considering the matter, adopted this view and entered an order con· tinuing the cause until the next term of court.

[1] The learned trial judge, in answer to the petition for writ of mandamus, states his view to be that the original petition presented a common-law action for rescission and cancellation, and also presented the measure of damages to be a recovery of the money paid with interest and costs, whereas the amended original petition upon which the plaintiffs announced ready and sought a trial presented a new cause of action or an additional cause of action, for the following reason: (1) Because the amended petition was drawn under the language of the fraud statute (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a and 3973c) and presented distinct and separate causes of action in favor of each of the plaintiffs, jointly, against the defendants for the recovery of both actual and exemplary damages in conformity with the provisions of these statutory articles. No exemplary damages were sought in the original petition and no separate recovery of actual damages by each of the plaintiffs was sought under its terms.

While we do not undervalue the exceptional caution and ability bestowed upon the consideration of the matter by the able trial judge, yet we cannot bring ourselves into agreement with the views which he expresses, and think that he misapprehended the law of procedure which controls the action of trial judges in such situations.

The parties were the same in both the original petition and the amended original petition, as were also the allegations descriptive of the acts and conduct of the defendants upon which the plaintiffs relied for recovery. Although the allegations of fraud and deceit are fuller and more comprehensive in the amended petition than in the original petition, yet, substantially and in effect, the allegations of fraud remain the same in the amended petition as they were in the original petition. It is altogether clear that the basis of recovery was fraud and deceit in the original petition as it was in the amended petition. Accordingly the basis of recovery was not altered in the allegations of the amended petition. A change in the prayer seeking relief in a greater amount, or even of a different nature, would not constitute a new, different, and distinct cause of action.

[2, 3] But, granting that the amendment operated as an abandonment of the old and the setting up of a new cause of action, still this would not justify a continuance on the ground that service of process would be necessary. It seems to be well settled that under Texas' system of pleading, which permits

great liberality of amendment, a cause of action may be abandoned and a new one substituted therefor by amendment at any time before trial, and, if the parties defendant are already in court under their answer to the original petition, no additional service of citation is required. Ballard v. Carmichael, 83 Tex. 359, 18 S. W. 734. It is only where a defendant is not in court that an amendment setting up a new cause of action requires the service of citation or justifies vel non a continuance. Brown v. Viscaya (Tex. Civ. App.) 42 S. W. 309. After a defendant has been cited on the original petition and has appeared and answered, an amendment may be allowed which sets up an additional cause of action or which changes the character of the cause of action without the mere filing of it, of itself, operating to require a continuance. Bell v. McDonald, 9 Tex. 378; Lewis v. Davidson, 39 Tex. 660.

[4] It is suggested that under the allegations of the original petition in this cause the amounts sought by some of the plaintiffs were not within the jurisdiction of the court, and that one of the objects of the amendment was to cure this defect. This circumstance, however, would not justify the granting of a continuance for the reason that a jurisdictional fact may be supplied by amendment. McDannell v. Cherry, 64 Tex. 177.

[5] Under statutory provisions, if an amendment is filed in vacation, it is necessary that the party amending should give his opponent notice of the filing of the amendment within five days after it is filed. If the amendment is filed in term time, then it seems that no such notice is required, and, leave to file it having been obtained, the only limitation upon the right of the amending party is that he shall file the amendment at such a reasonable time before the case is called as will not result in a surprise to the opposite party. Articles 1824, 1825, V. S. T. C. S.

Since the amendment in this cause was filed during term time under leave of the court duly obtained, and notice of the filing of it was given the attorney for the defendants, in our judgment no ground for a continuance existed, the defendants having already appeared and answered the original petition.

Under the facts revealed in this proceeding it appears that the relators are entitled to the relief sought. Levy v. Gill, District Judge (Tex. Civ. App.) 46 S. W. 84.

We are therefore of the opinion that the writ of mandamus should be granted, and that the respondent should be instructed to proceed to the trial and determination of the suit at the present term of court, unless, of course, some ground for continuance should be shown to exist.

It is accordingly so ordered.