REO MOTORCAR CO. OF TEXAS v. BARNES. (No. 3296.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1926. Rehearing Denied Dec. 23, 1926.)

1. Novation ⬀12—Proceedings in prior action on automobile purchase notes to disprove defendant's contention that original contract was superseded by subsequent agreement held erroneously excluded in action for possession of automobile.

In suit for possession of automobile loaned or its value, judgment for plaintiff automobile dealer in another suit on notes given for purchase price of another automobile and foreclosing mortgage and pleadings therein were admissible to disprove defendant's contention that original contract was superseded by subsequent agreement to exchange such other car, which was defective, for car involved, and exclusion of such evidence was error.

2. Appeal and error ⬀766—Assignments of error, not complying with requirements of statutes and rules, will not be considered (Rev. St. 1925, arts. 1844, 2237; Rules for Courts of Civil Appeals, No. 31).

Assignments of error, not briefed in compliance with requirements of Rev. St. 1925, arts. 1844, 2237, and Rules for Courts of Civil Appeals, No. 31, will not be considered on appeal.

On Motion for Rehearing.

**3. Pleading** &#9758;228—**First supplemental petition is unaffected by rulings on exceptions to second supplemental petition (rule 10 for government of district and county courts).**

Under rule 10 for government of district and county courts, matters set up in first supplemental petition were unaffected by rulings on exceptions to second supplemental petition.

Error from District Court, Hopkins County; J. M. Melson, Judge.

Action by the Reo Motorcar Company of Texas against D. R. Barnes. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

The suit was by the Reo Motorcar Company of Texas, plaintiff in error, against D. R. Barnes, defendant in error. It was to recover the possession of an automobile or its value, alleged to be $1,925, which the car company claimed it loaned to Barnes and which it alleged, he refused to return to it as agreed upon. In June, 1924, at the instance of the car company, a writ of sequestration was levied on the automobile in question. Afterwards, to wit, on July 1, 1924, the car company obtained possession of the automobile by means of a replevy bond given by it as provided by the statute (article 7110, Vernon's Sayles' Ann. Civ. St. 1914). In his answer Barnes alleged that he did not borrow but purchased the automobile of the car company, and in a cross-action against the car company sought a recovery against it of damages he alleged he suffered as a result of the sequestration proceedings. It appeared from the testimony heard at the trial that Barnes was a carrier of travelers between Sulphur Springs and Greenville, and that on April 26, 1924, the car company sold him a Reo automobile for use in that business, the consideration therefor being a secondhand Buick automobile, valued at $1,075, then transferred and delivered to the car company by Barnes, and his promissory notes in favor of the car company for sums aggregating $660. Barnes used the automobile about a month, and as a witness testified that on his complaint that it was defective in respects specified the car company agreed to take it back and replace it with another Reo automobile valued at $1,950 if he would pay $215 in addition to the sum he had agreed to pay for the other car. He testified he accepted the offer, turned back the defective automobile, and that the car company thereupon delivered the $1,950 automobile (being the one in question here) to him. The testimony on behalf of the car company was that it agreed to take back the first car and replace it with the $1,950 one if Barnes would pay it $500 in addition to the sum he agreed to pay for the first car—$215 of the $500 being the difference in the price of the automobiles, and the remainder of the $500 being for depreciation in the value of the first car due to use of it by Barnes. On special issues submitted to them the jury found (1) that the car company did not loan the automobile to Barnes, (2) but did sell same to him, and (3) that Barnes was damaged in the sum of $300 by reason of the car company's "taking possession of the automobile from him by the writ of sequestration." On those findings and others made by himself the court rendered judgment in Barnes' favor against the car company and the surety on its replevy bond for $1,925 as the value of the automobile in question, less $660, the amount of the notes referred to, and $215, the difference in the price of the automobiles, and for $300 additional as damages Barnes was entitled to for being deprived of the use of the automobile as a result of the sequestration proceedings.

O. F. Wencker, of Dallas, and Ramey & Davidson, of Sulphur Springs, for plaintiff in error.

Dial & Brim, of Sulphur Springs, for defendant in error.

WILLSON, C. J. (after stating the facts as above). [1] The car company claimed that it commenced and prosecuted another suit against Barnes whereby it sought and obtained a judgment against him in a district court of Dallas county for the amount of the promissory notes aggregating $660, referred to in the statement above, and foreclosing the lien of a mortgage to secure said notes given by Barnes on the automobile it sold him April 26, 1924, as mentioned in said statement. At the trial the car company offered to prove its claim by a certified copy (1) of its original petition in said suit; (2) of Barnes' answer to said petition; and (3) of the judgment in its favor rendered January 12, 1925. On Barnes' objection thereto on the ground that it was immaterial and irrelevant the court excluded the proffered evidence.

Appellant insists, and we agree, that the action of the court as stated was error entitling it to a reversal of the judgment. Barnes' contention in the instant case was that he and the car company had entered into an agreement whereby the car company was to sell and deliver him the automobile now in controversy, and he was to return the automobile the car company sold him April 26. 1924, pay the car company $215, the difference between the prices of the two machines, and execute and deliver to the car company, in lieu of the promissory notes for sums aggregating $660 above referred to, other notes for like amounts, together with a mortgage securing same on the automobile in controversy. We think the excluded testimony would have tended to disprove Barnes' con-

---

tention and to uphold the contention of the car company that the contract covering the sale of an automobile it made to Barnes April 26, 1924, hereinbefore referrea to, was the only completed contract ever entered into between it and Barnes; for the fact, as determined by the judgment in the foreclosure suit, that the promissory notes there sued upon and the mortgage made to secure same were valid and subsisting was not consistent with the claim of Barnes in his cross-action in the instant suit that the contract evidencing said notes and mortgage had been superseded by the contract he relied upon. 2 Abbott's Trial Brief, 1308, and authorities there cited; Mack v. Cole's Estate, 130 Mich. 84, 89 N. W. 564; Colquhoun v. Fursman, 32 Cal. App. 767, 164 P. 10; Hanrick v. Gurley, 93 Tex. 459, 480, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330.

[2] Of the twenty-odd assignments in the car company's brief presenting other contentions than the one discussed above, those numbered "14," "21," "23," and "17," so far as it was that the trial court erred in the part of his charge in which he undertook to instruct the jury as to what constituted "a sale of personal property," are sustained, in view of another trial, and those numbered "25," "26," "27," and "28" are overruled because without merit. Those remaining have not been considered because the requirements of the statutes and rules applicable (articles 1844 and 2237, Rev. Stats. 1925, and rule 31 for Courts of Civil Appeals), were not complied with in briefing them.

For the error of the court in excluding as evidence the copies of the car company's petition, Barnes' answer, and the judgment in the foreclosure suit hereinbefore referred to, the judgment in the instant case is reversed and the cause is remanded to the court below for a new trial.

## On Motion of Defendant in Error for Rehearing.

In the opinion disposing of the appeal it was stated that according to Barnes' contention he was to execute other notes to take the place of those aggregating $660 representing a part of the purchase price of the Reo automobile purchased by him of the car company April 26, 1924, and was to secure the new notes by a mortgage on the Reo automobile he claimed he afterwards purchased of the car company. As pointed out in the motion, the statement was incorrect so far as it was that Barnes was to execute other notes in lieu of those he had already made. It appears from the record that his contention was that he was to secure the notes he had already made by a mortgage on the automobile he claimed the car company sold to him to take the place of the one it sold him April 26, 1924.

But we do not think a correction of the mistake calls for a change in the disposition made of the appeal. The theory on which this court held that the trial court erred when he excluded copies of the car company's petition, Barnes' answer, and the judgment in the suit in Dallas county was not that the judgment in that suit conclusively established that Barnes was not entitled to recover as he did in his cross-action, but that the judgment, when read in connection with the pleading on which it was based, was evidence tending to support the car company's contention that it did not sell the car in controversy to Barnes as the latter claimed it did.

In the suit in Dallas county Barnes not only denied the existence of a right in the car company to recover on the notes, but also denied the existence of a right in that company to foreclose the mortgage to secure the notes given on the automobile purchased April 26, 1924. We see no reason why the jury should not have been allowed to consider such denial and the judgment establishing the fact to be to the contrary thereof as evidence tending to prove the car company's contention that the notes and mortgage sued upon in the court in Dallas county evidenced the only contract it ever had with Barnes. The car company was not entitled to the foreclosure it obtained in that suit if it had agreed to rescind the contract evidenced by the mortgage and to take a mortgage on the automobile in controversy as security for the notes. The judgment in that suit, for anything appearing to the contrary in the record before us, was acquiesced in by Barnes, and had the excluded evidence been admitted we think the jury would have had a right to regard such acquiescence as an admission by Barnes that the contract evidenced by the mortgage foreclosed had not been superseded by another contract.

[3] Another contention urged by Barnes in support of the ruling of the trial court is that to entitle the car company to prove what it offered to prove about its suit against him (Barnes) in Dallas county it must have pleaded such matters, and, Barnes asserts, it did not do that. The contention is based on the fact that the court sustained exceptions to allegations setting up such matters contained in the car company's second supplemental petition, and ignores the fact that such matters were set up in the car company's first supplemental petition which was before the court unaffected by any rulings on exceptions thereto. Rule 10 for government of district and county courts; Hicks v. Stewart, 53 Tex. Civ. App. 401, 118 S. W. 206. It seems, therefore, if other pleadings than the general denial in the car company's petitions were indispensable to a right in the car company to make the proof it offered to make, it had them in its first supplemental petition.

The motion is overruled.