**PHIPPS v. REED et ux.**

No. 2721.

Court of Civil Appeals of Texas. Eastland.

April 1, 1949.

Scott, Wilson & Cureton, of Waco, and Joseph A. Chandler, of Stephenville, for appellant.

C. O. McMillan, of Stephenville, for appellee.

GRISSOM, Chief Justice.

In their original petition, Reed and wife alleged they owned land in Erath County; that Phipps owned a note secured by a deed of trust lien thereon; that, when the note and deed of trust were executed, Reed was employed by Phipps as a salesman and it was agreed Phipps would withhold one-fourth of the commissions earned by Reed and apply same on said note; that Phipps had retained commissions sufficient to pay all installments due but had failed to apply same on the note and was claiming an installment was past due; that said note constituted an encumbrance upon the land and a cloud on plaintiff's title and the suit was brought to declare the amount Reed owed and to remove the encumbrance upon plaintiff's title to said land in Erath County, to the extent of the credits to which plaintiffs were entitled; that Phipps was threatening to foreclose his lien; that there was no installment due, however, plaintiff tendered payment of the full amount unpaid on said note. Plaintiffs prayed that Phipps be restrained from foreclosing his lien; that the injunction be made permanent; that the court determine the amount unpaid on said note; that the lien on plaintiff's land be cancelled, and for general relief. A temporary restraining order was issued restraining Phipps from foreclosing his lien. Phipps filed a plea of privilege to be sued in McLennan County, where he resides. Thereafter, plaintiffs filed an amended petition and a controverting affidavit. In said pleadings plaintiffs alleged the facts heretofore stated and, in addition, that Phipps had sold the land under the deed of trust and a deed had been executed by a substitute trustee conveying the land to Phipps; that the notice required by the deed of trust and by law was not given; that notices of the trustee's sale were not posted for three weeks prior to the sale; that the notices were not posted in three public places and that there was no installment of the note due when the sale was made. Plaintiffs prayed for judgment declaring the trustee's sale void and cancelling the trustee's deed and that the court declare the amount unpaid on the note and that no installment was past due. Thereafter plaintiffs filed a second amended petition and an amended controverting affidavit. Plaintiffs alleged in the amended controverting plea that this is a suit to recover land in Erath County and to remove an encumbrance therefrom and to quiet title thereto, and that the suit was maintainable in Erath County under Subdivision 14, Art. 1995. Plaintiff made their second amended petition a part of said amended controverting affidavit. Said petition contained the allegations and substantially the same prayer as in their first amended petition, including a prayer for judgment declaring the trustee's sale void and setting aside the deed and sale and for judgment declaring the amount unpaid on the note and that no installment was past due. Plaintiffs offered to pay the entire unpaid balance of said note. They prayed that the lien be cancelled and for general relief.

A trial to the court was had on the issues made by plaintiffs' amended controverting affidavit and defendant's plea of privilege. No question of surprise is in the case. Judgment was rendered overruling defendant's plea of privilege and he has appealed.

■ Appellant's second point is to the effect that when the Reeds filed their amended petition and controverting affidavit they abandoned their original cause of action and thereby admitted that defendant's plea of privilege, which was good as against the facts alleged in plaintiff's original petition, should be sustained. Appellant argues that appellees, by filing the amended petition, set up a different cause of action and deprived the trial court of power to permit a controverting affidavit to be filed; that if plaintiffs desired to amend their pleading, they were required to amend after the case was transferred to McLennan County or to have their amended petition carried along with the original papers, as provided by Texas Rules of Civil Procedure, rule 89. Appellant contends the court violated R.C.P. 86 in permitting appellees to file their amended controverting affidavit. Appellant apparently urges, as pertinent here, the fact that R.

C.P. 86 requires that a controverting affidavit shall be filed within ten days after appearance date. Appellant contends that the issues to be determined upon a venue hearing are those made by the plaintiffs' pleadings on file when the defendant filed his plea of privilege. Said point is overruled. We think the decision in Gomillion v. Lingold, Tex.Civ.App., 209 S.W.2d 205, is correct. Appellees had the right by amendment to set up the facts arising after the suit was filed and to sue to set aside the trustee's sale and cancel the deed and to raise the venue issues by an amended controverting affidavit containing allegations as to venue made pertinent by such amended petition. Contrary to appellant's contention, we think appellees did not thereby abandon a contest of appellant's plea of privilege.

We recognize the correctness of the decisions relied upon by appellant to the effect that a defendant will be protected from the harassment and expense of several contests on venue issues occasioned by a plaintiff taking a non suit after a defendant has filed a plea of privilege, and that a judgment of dismissal is res adjudicata as to the venue in a subsequent suit on the same cause of action. Also, that a plaintiff who takes a non suit after filing a controverting affidavit "thereby abandons his contest of the plea of privilege and in effect withdraws his controverting affidavit. Such action amounts to an admission that the plea of privilege is well taken." First National Bank in Dallas v. Hannay, Judge, 123 Tex. 203, 205, 67 S.W.2d 215. See also Templemeyer v. Blackburn, 141 Tex. 600, 603, 175 S.W.2d 222, and Royal Petroleum Corp. v. McCallum, Judge, 134 Tex. 543, 561, 135 S.W.2d 958.

■ We think said decisions are not in point. A plaintiff does not abandon his contest of a defendant's plea of privilege by amending his petition so as to set up a cause of action maintainable in the county where the suit is filed and filing a controverting affidavit asserting the venue issues in accord with the allegations of the amended petition. We do not understand that the decision in Lumpkin v. Story, 49 Tex.Civ.App. 332, 108 S.W. 485 is to the contrary. The opinion in said case and the statement in 43 Tex.Jur. 796 relative thereto are merely to the effect that a plaintiff, by filing such amendments, cannot deprive a defendant of the right to be *heard* on his plea of privilege theretofore filed. (Italics ours.) In Forman v. Prince, Tex. Civ.App., 97 S.W.2d 1002, 1004, it was held that a plaintiff has the right to amend his controverting affidavit and that the amendment relates back to and supercedes the original controverting affidavit. See also Paxton v. First State Bank of Tatum, Tex.Civ.App., 74 S.W.2d 132; Everts v. Garlington, Tex.Civ.App., 117 S.W.2d 820, 822, and Wood v. Fulton Property Co., Tex. Civ.App., 90 S.W.2d 617, 619.

■ It has always been held permissible by amendment to set up facts arising after the suit was filed. Smith v. McGaughey, 13 Tex. 464; Hicks v. Stewart & Templeton, 53 Tex.Civ.App. 401, 118 S.W. 206; Gardner v. Sittig, Tex.Civ.App., 188 S.W. 731. And, by amendment, to set up an additional cause of action. Smith v. McGaughey, supra; Bell v. McDonald et al., 9 Tex. 378; Erskine v. Wilson, 27 Tex. 117. We think a contrary holding would violate the spirit of liberality of pleading and amendment indicated by R.C.P. 62, 63, 66 and 67.

■ Appellant insists that appellees' suit is primarily for an accounting. We think the suit is primarily for the recovery of land and to quiet title thereto, within the meaning of Subdivision 14, Art. 1995, and, since the land is in Erath County, the venue thereof is in said county. Campbell v. Burford Oil Co., Tex.Civ.App., 201 S.W.2d 100; Stuart v. Herman, Tex.Civ.App., 157 S.W.2d 939; Dees v. McDonald, Tex.Civ. App., 36 S.W.2d 301; Thomason v. Sherrill, Tex.Civ.App., 47 S.W.2d 865; City Central Bank & Trust Co. v. Corder, Tex. Civ.App., 45 S.W.2d 742; Rado Refining & Producing Co. v. Lucas, Tex.Civ.App., 93 S.W.2d 613; Cox v. Palacios, Tex.Civ. App., 188 S.W.2d 688.

The judgment is affirmed.