**NUNNALLY v. HOLT et ux.** (No. 3495.)

Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1927.

**1. Venue ⚹2—As concerns venue, nature of suit is to be determined upon primary right violated and relief court may render.**

As concerns the venue, the nature of a suit is to be determined upon the primary right violated and the judgment of relief which the court may render for the wrongful act or default.

**2. Venue ⚹5(1)—In suit to correct description of deed of undivided interest in oil and minerals, venue is in county where land lies.**

In suit to correct the description in a deed of undivided interest in oil, gas, and minerals produced from certain tract, venue, in view of Rev. St. 1925, art. 1995, § 14, and article 6638, *held* to be in county where the land covered by the deed in question was situated.

**3. Reformation of instruments ⚹1—Suit to correct description of deed held to be in nature of action to quiet title.**

A suit to correct a description of land in a deed *held* to be in the nature of an action to

quiet title, and not in the nature of a suit for specific performance.

**4. Reformation of instruments ⬤➟1—Correction of deed or contract may be obtained on its own account or as a necessary preliminary step to the granting of further relief.**

The correction of a deed or contract may be obtained on its own account or as a necessary preliminary step to the granting of further relief, as specific performance of a contract after its correction.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Action by G. R. Nunnally against J. C. Holt and wife. From an order of the district court of Cherokee county, sustaining a plea of privilege and transferring the case to Anderson county, plaintiff appeals. Reversed and remanded.

The appeal is from an order of the district court of Cherokee county sustaining a plea of privilege and transferring the case to Anderson county, which was the agreed domicile of the appellees.

The appellant alleged in his petition that on May 15, 1926, the appellees, husband and wife, executed to him a deed conveying "an undivided one thirty-second interest in and to all of the oil, gas, and other minerals in and under and that may be produced from the following described land: [here follows description]; that it was the intention and contract of the parties to such transaction and deed that defendants were to convey and the plaintiff was to receive by such instrument such interest in the oil, gas, and other minerals in and under and that may be produced from said land as would entitle plaintiff to one-fourth of all the oil royalty and gas rental or royalty due to be paid under the terms of said lease executed in favor of M. A. Davy or any other oil and gas lease covering said property during the period covered by such instrument; that said mineral deed was incorrectly written by the mistake of the writer who drew the same, and it did not express the mutual intent of the parties, but was executed and delivered by defendants and received by plaintiff under a mutual mistake of fact as to the amount of oil, gas, and minerals and royalty that it described, and as to the correct amount of the interest in the oil, gas, and other minerals and of oil royalty and gas rental or royalty due and to be paid under the terms of the said lease executed by the defendants." The prayer was to have "judgment of this court directing and compelling defendants to execute a new and reformed mineral deed which shall properly and correctly name and fix the interest of the plaintiff," etc., and "such other and further relief, special and general, in law and in equity, that plaintiff may justly be entitled to." No objection was

raised to the form of the plea of privilege. The land was located in Cherokee county. The defendants' residence was in Anderson county.

Stone, Carter, & Stone, of Jacksonville, and Lee G. Carter, of Dallas, for appellant.

E. V. Swift, of Palestine, and G. W. Gibson, of Jacksonville, for appellees.

LEVY, J. (after stating the facts as above). [1] It is, the general rule that, as concerns the venue, the nature of the suit is to be determined upon the primary right violated and the judgment of relief which the court may render for the wrongful act or default. Succinctly stated, the plaintiff seeks to have correction or re-execution of a deed, which did not conform to the actual rights of the parties thereto mutually agreed to, for the reason of "mistake of the writer who drew the same." The remedy was asked for merely for the purpose of correcting the deed, as necessary to a restoration to full rights in the realty. This species of remedy of correction or re-execution of a deed, allowable when the special circumstances warrant it, is an effective remedy, by means of which the plaintiff's primary right is declared or restored, of his full rights in the realty. The office of the remedy is to establish and effectuate rights under the instrument in accordance with the intention of the parties thereto. It was the sole and final relief needed by him, in immediate effect and operation the same as quieting title, the legal obstacle to full enjoyment of the right being removed. If he should establish the facts alleged, the court would be called upon to decree declaring the mistake and ordering reformation. In effect, by the decree the court makes the deed just what the parties intended it to be. The court may not make determination of his interest in the realty enforceable in any other form. And such decree is sufficient to immediately pass title, especially so as it is given that effect by statute. Article 6638, R. S.

[2-4] Thus it would seem that the relief sought and obtainable would be so far immediately concerned with or relating to title to realty as to operate, in view of the statute, to restrict the venue to the location of the realty. Section 14, art. 1995, R. S. The vital question was the quieting of title to the realty. The following case is of like import: Babno v. Compton (Tex. Civ. App.) 230 S. W. 240. The present case is not comparable to the cases of Burkitt v. Wynne, 62 Tex. Civ. App. 560, 132 S. W. 816, and Knox v. Redus (Tex. Civ. App.) 290 S. W. 823. In the present case, the remedy asked is of correction or re-execution of a deed, and not essentially of specific performance. The text-books group these two particular remedies into separate classes according as the main and di-

---

⬤➟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rect object is sought to be established or declared. Pomeroy, Equity Juris. (3d Ed.) § 112, p. 119. The remedy of specific performance is that by which the party violating his primary duty is compelled to do the very act which his duty and the plaintiff's primary rights require from him. The remedy of correction or re-execution of deed or contract is asked for and allowable simply on its own account, merely for the purpose of correcting the instrument. In a given case it may be obtained as a necessary preliminary step to the granting of a further and substantial relief to the plaintiff, as specific performance of the contract after it has been corrected.

The judgment is reversed and the cause is remanded for trial in. the county of suit.