**WALTER et al. v. HAMMONDS et al.**
No. 4082.

Court of Civil Appeals of Texas. Texarkana.
Oct. 8, 1931.

O. F. Wencker, of Dallas, for appellants.

Scott, Casey, Hall & McHaney, of Longview, for appellees.

SELLERS, J.

This is an appeal from an order of the district court of Gregg county, Tex., overruling the plea of privilege of appellants to be sued in the county of their residence, to wit, Dallas county.

The plaintiffs' petition in the suit out of which this appeal grew alleges that Mrs. O. O. Hammonds was the absolute owner of a valid oil and gas lease on 320 acres of land, more or less, of the B. W. Witcher survey located in Gregg county, Tex., and described in said petition by metes and bounds. The petition further alleges: "Plaintiffs show the Court that they are informed and believe and here allege that the defendants herein, or some of them, have made some kind of contract or agreement with their co-defendant, J. C. McFarland, by the terms of which they have attempted to execute a lease covering certain portions of the lands now covered by plaintiffs' lease, being the South part of said lands, or some other portion not exactly known to plaintiffs, and that these defendants, or some of them, are threatening to enter upon said lands or a portion thereof and dispossess these plaintiffs of their leasehold rights therein and are preparing to file certain instruments of record in the office of the County Clerk of Gregg County, Texas, or elsewhere in said County, the effect of which will be to cast a cloud on the plaintiffs' title to said leasehold rights and prevent the full, free, peaceable and uninterrupted use by the plaintiffs of said premises and that defendants, or some of them, are about to enter upon said premises and install machinery for the purpose of exploring for the minerals thereunder and to appropriate same to their own use and benefit, thereby depriving the plaintiffs of the value thereof, and are wilfully, fraudulently and for the express purpose of casting a cloud upon plaintiffs' title, asserting some character of claim to the leasehold rights which the plaintiffs own, and are wilfully and maliciously making claim to the leasehold rights to the lands or a portion thereof covered by the plaintiffs' lease, they well knowing that they have no lawful and valid claim thereto, the effect thereof being that a cloud is thereby cast on the title to plaintiffs' property, doing great and irreparable injury thereto." The petition closes with a prayer for injunction and for general and special relief.

The appellants filed their pleas of privilege in due form to be sued in the county of their residence, which pleas were controverted by the appellee as follows:

Said Edwin B. Hopkins, W. P. Luse, and Eva Marie Miller, co-defendants of O. F. Wencker and N. C. Walter, actually reside in Gregg County, Texas, and the lands described in plaintiffs' petition, and the title to which formed the basis to this action, are located in said Gregg County, Texas.

"This Court has venue of this suit, because said Edwin B. Hopkins, W. P. Luse, and Eva Marie Miller reside in Gregg County, Texas, and because the lands involved in this suit are wholly within Gregg County."

■ We are called upon, first, to determine whether a controverting affidavit which does not set out under which section or sections of article 1995 it is sought to hold venue is fatally defective. This question was before the Waco Court of Civil Appeals in the case of Sims v. Trinity Farm Construction Co., 28 S.W.(2d) 856, and it was there held, we think correctly so, that plaintiff was not required in its controverting affidavit to the plea of privilege to plead the language of the particular subdivision of venue article relied upon nor specifically refer thereto.

■ The next question presented is whether plaintiffs' petition is susceptible of a construction which will bring it within the provision of subdivision 14 of article 1995, which subdivision is as follows: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie." After careful consideration of this question, it is believed that the petition, which may always be looked to in determining the character of the cause of action, Wood v. Tandy (Tex. Civ. App.) 299 S. W. 282, 283, may be fairly construed as coming within provisions of subdivision 14, article 1995, R. S. of Texas. In the case of Breeding v. Ritterhoff, 126 Okl. 225, 259 P. 227, 228, it was held: "When, under an oil and gas lease, production is reached, the income ceases to be rents and profits and the fee is impaired and diminished to the extent of the value of the oil and gas which is reduced to possession.

Such conversion of the fee pro tanto constitutes 'waste.'" In the light of the above definition of "waste," and in view of the allegations in plaintiffs' petition to the effect that defendants were about to enter upon her premises and install machinery thereon for the purpose of exploring for the minerals thereunder and to appropriate same to their own use and benefit, and praying for a restraining order to prevent such, brings the venue in this cause clearly within the provision of subdivision 14 of article 1995, which provides that all suits to prevent waste to real estate shall be brought in the county where the land lies.

But it is insisted that appellee wholly failed to make the necessary proof upon the hearing had upon the plea of privilege to authorize the court to retain venue of this cause.

With this contention we do not agree. It would seem that in suits of this character, that is, suits pertaining to real estate in such of subdivision 14 of article 1995, that the only fact question necessary to be alleged in the controverting affidavit and to be established on the hearing of the plea is that the land is located within the county where the suit is brought. Dees v. McDonald (Tex. Civ. App.) 36 S.W.(2d) 301. This fact having been established, the proof was sufficient.

Finding no error in the record, the judgment of the trial court will be affirmed.