## CITY CENTRAL BANK & TRUST CO. et al. v. CORDER et al.

### No. 8711.

Court of Civil Appeals of Texas. San Antonio.

Jan. 20, 1932.

Spencer, Rogers, Lewis & Slatton, of San Antonio, for appellants.

Morriss & Morriss and Reed Cozart, all of San Antonio, for appellees.

SMITH, J.

The City Central Bank & Trust Company and A. J. Lewis have appealed from an interlocutory order overruling their plea of privilege to be sued in the county of their residence, to wit, Bexar county, the suit against them having been filed in Uvalde county by appellees Corder.

It appears that the bank and trust company is the owner and holder of certain notes executed in its favor by the Corders, which notes are secured by deeds of trust upon lands separately owned by Mrs. Corder and situated in Uvalde county. Appellant Lewis, as substitute trustee, advertised said land for sale to satisfy a balance alleged to be due upon said notes, and the Corders brought this action for injunction to restrain said sale, and, further, as stated in appellants' brief, "for judgment cancelling, annulling, and holding for naught the lien of the deed of trust and an extension agreement asserted by appellant, City Central Bank and Trust Com-

pany, and to remove cloud on appellees' title to said land in Uvalde County, Texas, and for judgment that appellees owe nothing to defendant bank and cancelling the indebtedness and every trace thereof asserted against appellees."

Venue in Uvalde county is sought to be sustained by appellees upon the exception contained in subdivision 14, art. 1995, R. S. 1925, the general venue statute. That exception is as follows:

"14. *Lands.*—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Appellees declared upon a suit to cancel the deed of trust lien and remove cloud from their title to the land, alleging that the land is the separate property of Mrs. Corder, who had executed the deed of trust thereon as an accommodation to her husband, who had put up large securities as collateral, that without Mrs. Corder's knowledge or consent the bank had surrendered said collateral securities, in amounts in excess of the whole debt to the bank, and that by this course the bank had in effect released its lien upon the land as security for said debt. It was conceded that the lien was valid and binding upon Mrs. Corder when given, but it is now contended that by reason of the facts it is no longer a valid subsisting lien, and should be canceled, and the cloud cast upon Mrs. Corder's title by reason of its registration should be removed.

We think these contentions bring the case clearly within the fourteenth exception to the venue statute, quoted above. The cause of action set up in appellees' petition, and reasserted in their controverting affidavit, and established by evidence and the finding of the court, was that they were entitled to have removed from their title the incumbrance of the deed of trust lien, upon the ground that the lien had been extinguished.

Appellants rely upon the case of Scott v. Noakes (Tex. Civ. App.) 277 S. W. 735, and other decisions following it. But the cited case does not support appellants' contention, except in stating the general principle correctly put forward by appellants, to the effect that the question of venue is determinable by the main cause of action asserted in a suit and not by causes or contentions secondary or incidental to the main action. In the cited case, the plea of privilege was sustained upon the ground that the chief controversy in suit was over the question of the exact amount of the balance admittedly still owing on a debt secured by a lien conceded to be valid and still in force. It was there held that the prayer for the allowance of certain credits on the debt constituted the principal cause of action

asserted, and that the matter of venue was determinable by that controversy rather than by the secondary matter of removal of incumbrance after adjudication and settlement of the main controversy. The case presented here is different, in that the primary cause of action is for removal of incumbrance upon the,ground that there is no valid existing lien to support it.

The judgment is affirmed.