**LILES et al. v. McDONALD et al.**

No. 1410.

Court of Civil Appeals of Texas. Waco.

Oct. 12, 1933.

Witt, Terrell & Witt, of Waco, for appellants.

Munroe & Holt and McClellan, Lincoln & Williams, all of Waco, for appellees.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court upon a plea of privilege. The suit was brought in the district court of McLennan county by Mrs. Stella McDonald and others against J. Robert Liles and others to cancel a certain royalty contract or deed by which Mrs. McDonald conveyed to the defendant Liles an interest in the minerals in 41½ acres of land situated in Montgomery county. It was alleged that said deed had been procured from Mrs. McDonald by fraud perpetrated upon her by Liles. The plaintiffs prayed for cancellation of said deed and for removal of the cloud cast upon the title thereby.

The defendants J. Robert Liles and W. A. Evans, who resided in Montgomery county, duly filed their pleas of privilege to be sued in the county of their residence. The plaintiffs controverted the pleas of privilege, and sought to maintain venue in McLennan county on the ground that Mrs. McDonald had been induced to execute the deed in question as the result of fraud committed in said county. The trial court overruled the pleas of privilege, and the defendants appealed.

The appellees contend that the suit was properly maintainable in McLennan county under the provisions of Revised Statutes, art. 1995, subd. 7 as amended by Acts 1927 (1st Called Sess.) c. 72, § 1 (Vernon's Ann. Civ. St. art. 1995, subd. 7), which provides: "In all cases of fraud * * * suit may be brought in the county where the fraud was committed. * * *" The appellants contend that the venue of the suit was in Montgomery county, where the land was situated, under the provisions of subdivision 14 of the same article, which is as follows: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land * * * must be brought in the county in which the land, or a part thereof, may lie."

Since the purpose of the action was to cancel the mineral deed and to remove cloud from the title to land, the suit came clearly within the meaning of said subdivision 14. Thomason v. Ham (Tex. Civ. App.) 210 S. W. 561; Stemmons v. Matthai (Tex. Civ. App.) 227 S. W. 364; Texas Company v. Tankersley (Tex. Civ. App.) 229 S. W. 672; Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328. There was evidence that the deed in question had been procured by fraud committed in Mc-

Lennan county. The question arises, therefore, which of said subdivisions 7 or 14, should control.

It will be noted that subdivision 7 of said article 1995 provides that suit for fraud "may" be brought in the county where the fraud was committed, whereas subdivision 14 of the same article provides that suits for the recovery of land, or to remove incumbrances from the title to land, "must" be brought in the county where the land may lie. It has been held that the language used in subdivision 14 excludes the venue in any other county than that named in such exception whenever a proper plea of privilege is urged. In other words, the language used in subdivision 7, being permissive only, is controlled by the mandatory and exclusive terms of subdivision 14 whenever the purpose of the suit is within the purview of that subdivision and a proper plea of privilege is urged. Mitchell v. Porter (Tex. Civ. App.) 194 S. W. 981, par. 1; Weeks v. De Young (Tex. Civ. App.) 290 S. W. 852, 854; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995, par. 3.

We are of the opinion that the trial court erroneously overruled the defendants' pleas of privilege. It appears that the case has been fully developed and that no useful purpose would be served in remanding the case for rehearing. The judgment of the trial court is therefore reversed and the cause remanded to the trial court, with instructions to transfer the same to the district court of Montgomery county.