**NORVELL v. STOVALL et al.**

No. 2937.

Court of Civil Appeals of Texas. Beaumont.

June 11, 1936.

Rehearing Denied July 1, 1936.

W. D. Gordon and W. S. Nichols, both of Beaumont, for appellant.

**1314**

Ramey, Calhoun & Marsh, of Tyler, and Guinn & Guinn, of Rusk, for appellees.

COMBS, Justice.

This is an appeal from a judgment of the district court of Jefferson county sustaining a plea of privilege. The plaintiff, appellant here, a citizen of Jefferson county, brought this suit personally and by next friend against F. M. Stovall, T. J. Stovall, Sr., T. J. Stovall, Jr., Mrs. Onnie Stovall, and A. R. Odom, residents of Cherokee county, Tex., and against A. T. Trimble, a resident of Rusk county, and against the Amerada Petroleum Company, a foreign corporation, to cancel a deed given by plaintiff, Will W. Norvell, to F. M. Stovall on the 15th day of September, 1930, purporting to convey an undivided interest of approximately 17 acres of land out of a 205-acre tract of land in Rusk county, less a one-sixteenth royalty of the oil, gas, and other minerals.

It is alleged, in substance, that the deed was obtained from the plaintiff, Norvell, at a time when he was insane and incarcerated in the insane ward of the jail in Jefferson county; that the obtaining of the deed in such manner constituted a fraud committed against him in Jefferson county, where the suit was brought. The defendants all hold or claim some interest under the deed. It is alleged that subsequent to the obtaining of the deed the land was explored for oil and a large production of oil obtained, and that the defendants Amerado Petroleum Corporation and the Deep Rock Oil Corporation, predicating their right upon the assumption of the divestment of the plaintiff of his lawful right and estate under the purported conveyance, "have gone upon the property and extracted vast quantities of oil therefrom in open defiance and repudiation of the plaintiff's rights, as hereinabove stated appropriating the same to their own use and benefit and partitioning the same out in accordance with such will and desire as they have manifested through the segregation and separation of parts and interests of the oil so produced by them. To this end they have drilled approximately eighteen wells, producing oil in large quantities on said property in which your plaintiff's interests subsists as hereinbefore stated. The production obtained by said corporations has been converted into money and the money appropriated by them, less such as they have seen fit to allot to and pay over to the other defendants herein, and other persons unknown to the plaintiff. The nature and extent thereof the plaintiff is unfamiliar with and unable to state in detail. It is necessary therefore that the defendants disclose the same in their answers, and that an inquiry be made upon the trial hereof for the purpose of ascertaining an accurately correct statement of the account as a form and basis for the relief hereunder prayed."

"Because of the fact that the color and authority of the right to appropriate the plaintiff's estate rests upon the fraudulent acts and conduct committed in Jefferson County, and are incidental thereto and consequential thereupon, and in order to avoid a multiplicity of suits, this honorable court has jurisdiction in this proceeding to determine the rights of all parties herein asserted by the plaintiff, and to grant the relief herein prayed for. Wherefore the plaintiff brings this suit and prays that the defendants be cited to answer this petition upon a trial hereof the plaintiff prays for the following relief."

Then follows a prayer, first, for a decree canceling the deed and enjoining the defendants from the assertion and claim of any of plaintiff's estate predicated thereunder and from claiming any of plaintiff's estate through or under any other or additional instrument; second, that an accounting be had for the oil produced from said land and appropriated by said defendants, and for judgment for the sums of money with accrued interest as may be due the plaintiff, and for the issuance of such process as may be necessary for recovering said amount through receivership or other ancillary equitable remedies deemed adequate in accordance with the uses of equity; third, that a decree be rendered fixing and establishing, as against the defendants, the just, legal, and equitable rights of the plaintiffs in the land involved and in the proceeds thereof, to which end the plaintiff offers to do equity; fourth, that the court appoint a guardian ad litem for the plaintiff with power and authority to take and receive such sums of money as may be owed the plaintiffs; and, fifth, for general relief.

The trial court, upon the hearing, sustained the pleas of privilege of the defendants Amerada Petroleum Corporation and Deep Rock Oil Corporation, and entered an order transferring the case to the district court of Rusk county.

In support of plaintiff's contention that venue of the suit is maintainable in Jeffer-

son county, his counsel urge the proposition that the suit is maintainable under subdivision 7 of article 1995 of the venue statute (as amended by Acts 1927, 1st Called Sess., c. 72, § 1 [Vernon's Ann.Civ.St. art. 1995, subd. 7]) as a case of fraud predicated upon averments and evidence that the deed in question was procured by means of fraud practiced upon the plaintiff in Jefferson county. It is insisted in that connection that the purpose of the suit is not the recovery of the land, but, instead, is a proceeding in equity to cancel the deed; that since the deed is merely voidable the plaintiff could not maintain an action to recover the land or to recover any damages to it in any county, and this suit has for its purpose the setting aside and annulment of the instrument; that the other relief prayed for are merely incidental rights consequential upon the case pleaded for fraud, and since all persons having, claiming, and holding an interest under the alleged fraudulent deed are necessary parties to the suit, venue of the action for canceling the deed and the determination of the incidental rights of the parties was properly maintainable in Jefferson county, where the fraud was committed.

It is our view that plaintiff's case, as made by his pleadings, is not merely an action for fraud. The real purpose of the suit is the recovery of title to the land. The summary which we have made above of plaintiff's pleading and the quotations from his prayer show clearly, we think, that he sought to recover the land, as well as compensation for damages thereto by reason of the extraction of oil by the defendants, and the action to cancel the deed was a mere incident to the main purposes of the suit. Subdivision 14 of article 1995, Vernon's Ann.Civ.St., reads:

"Suits for recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

While, as held by this court in Grogan-Cochran Lumber Co. v. McWhorter, 4 S. W.(2d) 995, subdivision 14 above quoted is not jurisdictional in its nature but pertains to the matter of venue only, nevertheless said subdivision is mandatory in its nature so as to control other subdivisions of the venue statute with which it may conflict in a given case and which subdivisions simply provide that the suit "may be brought" elsewhere. As said by our Supreme Court in Thomson v. Locke, 66 Tex. 383, 1 S.W. 112, 114, with reference to subdivision 14, "The evident intention was to provide the venue in all actions in which the title to land was in controversy." That the instant case involves the title to land, and also that it seeks recovery of damages to land, so as to fix the venue of the suit in Rusk county, the county in which the land is situated, we have no doubt. The following cases are in point: Thomson v. Locke, supra; Grogan-Cochran Lumber Co. v. McWhorter, supra; Nunnally v. Holt (Tex.Civ.App.) 1 S.W.(2d) 933; Fidelity Union Fire Ins. Co. v. First Nat. Bank (Tex.Civ.App.) 18 S.W.(2d) 800; Liles v. McDonald (Tex.Civ.App.) 63 S.W. (2d) 886.

The trial court properly sustained the pleas of privilege.

Judgment affirmed.