## ELDER v. MILLER et al.

### No. 1947.

Court of Civil Appeals of Texas. Waco.

April 28, 1938.

W. B. Chauncey, of Wichita Falls, and Lawrence Treadwell, of Corsicana, for appellant.

J. S. Simkins and Norris W. Lovett, both of Corsicana, for appellees.

GALLAGHER, Chief Justice.

This is an appeal from an order overruling a plea of privilege. R. R. Miller, one of the appellees herein, filed suit in the district court of Navarro county against the appellant, Mrs. Trip Elder, individually and as community administratrix of the estate of Trip Elder, deceased, and against Joe King, Byrd-Frost, Inc. and Delta Drilling Company. He alleged in his first amended original petition that in 1929, Joe King, a negro, for the sum of fifty dollars in hand paid, executed and delivered to him a conveyance or lease of the oil, gas and mineral rights in a certain tract of 13½ acres of land situated in Gregg county, Texas. He alleged that Trip Elder, now deceased, was present at the time and represented to him, the said Miller, that Joe King had a good title to said land and that his, Elder's, only interest therein was a mortgage thereon for the sum of $450.00. He further alleged that Joe King then and there paid to said Elder the consideration so received. He further alleged that said Trip Elder was then secretly preparing to claim said entire tract of land and all the mineral rights therein, but that he deliberately concealed said purpose and fraudulently permitted him, the said Miller, to deal with said property upon the theory that it belonged to said King; that said Elder thereafter, on or about the 21st of January, 1932, instituted suit against said King and others in the district court of Gregg county and claimed therein title and ownership of said entire tract and all the oil, gas and mineral rights therein, in fraud of his, said Miller's, rights acquired as aforesaid; that said Elder during his lifetime, and his surviving wife, Mrs. Trip Elder, individually and as community administratrix of his estate, after his death, is now seeking to claim and withhold from him the mineral rights so acquired. He further alleged that the purpose of this suit was to require appellant, both individually and as community administratrix, as well as the other defendants, to carry out and conform to said contract of conveyance.

Appellee Miller further alleged that appellee Byrd-Frost, Inc. at that time had in its hands $13,000.00 in cash, representing the value of oil taken from a ¼ of ⅞ interest in the oil, gas and mineral rights in said property, and that such interest purported to be an overriding royalty. He further alleged that appellee Delta Drilling Company was then in possession of moneys that rightfully belonged to him, and that all the other defendants were claiming said moneys, or some interest therein. His specific prayer was that appellees Joe King and Mrs. Trip Elder, individually and as community administratrix of the estate of her deceased husband, be each directed and ordered to in all things perform and carry out the mineral contract and covenant as entered into with him, the said Miller, as aforesaid, and that on final hearing the court order all said moneys paid over to him.

Appellant filed a plea of privilege, the sufficiency of which is not assailed. Appellee Miller filed an affidavit controverting the same, which contained the same allegations in substance as his amended petition.

The testimony showed that said Trip Elder had resided in Gregg county; that he was dead and that appellant, who also resided in said county, had qualified as community survivor therein. The testimony further showed that Joe King resided in Gregg county, that Delta Drilling Company had its principal office in said county and that Byrd-Frost, Inc. had its principal office in Dallas county. Appellee Miller testified that he purchased the mineral rights in said tract of land from Joe King in Corsicana and paid him fifty dollars in cash therefor. He further testified, over objection of appellant, that Trip Elder was present and assured him that King had good title to the land and that he merely held a mortgage thereon for $450.00, and that King paid him the consideration so received in his presence. Said conveyance or lease was never recorded and was lost at the time of trial. There was neither allegation nor proof of its contents, except that it described the land in controversy by naming the owners of the lands abutting thereon. There was testimony, wholly by parol but introduced without objection, that subsequent to said transaction there was litigation between Trip Elder and Joe King and others over the title to said tract of land; that Joe King disclaimed; that Byrd-Frost, Inc. claimed a mineral lease on said land; that final judgment in said cause was rendered in favor of said Elder. There was also testimony that Byrd-Frost, Inc. had in its hands approximately $13,000.00 in cash awaiting the determination of the ownership thereof. The court over-

ruled the plea of privilege and Mrs. Elder, in the capacity aforesaid, has appealed.

Appellant, in her first proposition, contends that the gist of the cause of action alleged by appellee Miller is the assertion of title to land, or an interest therein, and that his prayer for recovery of the proceeds of oil taken from such land is based on such claim of title. Our venue statute provides, in substance, that suits for the recovery of land or damages thereto, to quiet title to land or to prevent or stay waste on land, must be brought in the county in which the land, or a part thereof, may lie. R.S. art. 1995, subd. 14. The rule applied in Texas is that oil and gas in place are realty, and that the conveyance of the same, even by a so-called mineral lease, is nevertheless a conveyance of an interest in land. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 292 et seq., 29 A.L.R. 566, and authorities there cited; 31 Tex.Jur. p. 574, § 39; Id., p. 590, § 46. The conveyance which appellee testified was made to him by Joe King presumably vested in him either a fee simple or a defeasible title in the oil and gas in the land, dependent upon its terms, which are not disclosed by the testimony. It has been held that if the character of the suit is such as to affect the title to land or the right of possession thereto, venue may be maintained in the county where the land is situated, under the statute above cited. Wood v. Tandy, Tex.Civ.App., 299 S.W. 282, pars. 3 and 4. It appears to be well settled that a suit to cancel a mineral deed for fraud is a suit for the recovery of land, within the scope of said subdivision. Liles v. McDonald, Tex.Civ.App., 63 S.W.2d 886; Norvell v. Stovall, Tex. Civ.App., 95 S.W.2d 1313, 1315, pars. 1 and 2, and authorities there cited. It is difficult to see why such a suit brought by the grantor or vendor comes any more clearly within the statute than a suit, like the present one, brought by the grantee. In either case the issues are substantially the same and the title to the land is involved. Moreover, appellee Miller could hardly be successful in that part of his suit in which he seeks to recover the sums of money held by other appellees, as hereinbefore recited, unless, by establishing his contract, he can show title in himself to the minerals which such sums of money represent.

The courts of this state have held that the unauthorized extraction of oil is a waste on land, for which an action will lie either for damages or to restrain such waste. Tidal Oil Co. v. Grays, Tex.Civ.App., 54 S.W.2d 1043, 1044, par. 4; Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113, par. 4; Walter v. Hammonds, Tex.Civ.App., 42 S.W.2d 1084, par. 3. It is further held that under said subdivision, all suits in respect of waste must be brought in the county in which the land lies. 43 Tex.Jur. p. 980, § 4. A suit for accounting for the value of oil removed is, under said statute, a suit to recover damages to land. Shell Petroleum Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113, par. 4; Norvell v. Stovall, Tex.Civ.App., 95 S.W.2d 1313, par. 2. In the instant case, appellee Miller, predicating his rights upon the conveyance to him, is seeking to recover from Byrd-Frost, Inc. and from Delta Drilling Company moneys derived from said tract of land. Such a suit must be brought in the county in which the land is located. Frost v. Standard Oil Company of Kansas, Tex. Civ.App., 107 S.W.2d 1037. The testimony of appellee Miller that the deceased Trip Elder made fraudulent representations concerning King's title to the land does not fix venue to try this suit in Navarro county under subdivision 7 of said venue article, Vernon's Ann.Civ.St. art. 1995, subd. 7. Miller did not seek damages based on such misrepresentations. He sought enforcement of his contract of conveyance. Our courts have uniformly held that where there appears a conflict between said subdivisions 14 and 7, respectively, of said venue article, since the language of the former is mandatory, and the language of the latter permissive only, the former must control on the question of venue. Liles v. McDonald, Tex.Civ. App., 63 S.W.2d 886; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995, 997, par. 3, and authorities there cited; Rado Refining & Producing Co. v. Lucas, Tex.Civ.App., 93 S.W.2d 613, 614; Republic Ins. Co. v. Walters, Tex. Civ.App., 88 S.W.2d 726, par. 5; 43 Tex. Jur. p. 747, par. 31. The appellee Miller's cause of action being, under both pleadings and evidence, predicated upon a claim of title to the mineral rights in said land, venue thereof is fixed in Gregg county. Consideration of appellant's other propositions is therefore unnecessary.

The judgment of the trial court is reversed and the plea remanded, with instructions to the trial court to transfer the cause to the district court of Gregg County.