**STUART et al. v. HERMAN et al.**

No. 14301.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 21, 1941.

Rehearing Denied Jan. 9, 1942.

Renfro & Kilgore, of Dallas, for appellants.

Wherry & Casebier, of Quitman, for appellees.

BROWN, Justice.

This suit involves the overruling of pleas of privilege.

Appellees brought suit against appellants in Wood County, alleging that on or about December 30, 1940, they were the owners of a certain parcel of land situated in Wood County, Texas, and that appellants, through fraudulent representations, procured a deed from appellees to appellant Mrs. Edith Stuart, conveying the title to such defendant; they prayed that the deed be canceled "and for such other and further relief as to the court may seem meet and just"; and they tendered to defendants the small purchase price paid for the land.

Defendants—appellants here—filed their pleas of privilege to be sued in Dallas County, where they reside.

The plaintiffs—appellees here—presented their controverting plea, alleging that the cause of action comes within subdivision 14 of Article 1995, Revised Civil Statutes, and they made their petition a part of the controverting plea.

On the hearing the plaintiffs introduced proof that the parcel of land in controversy lies within Wood County, Texas, and they likewise introduced their petition in evidence for the purpose of showing the nature of the cause of action brought.

The trial court overruled the pleas of privilege, and defendants appealed to the Court of Civil Appeals for the Sixth District and said cause was by the Supreme Court transferred to the Court of Civil Appeals for the Second District.

Three propositions are presented: (1) That this being a suit to cancel a deed and remove a cloud from plaintiffs' title, it was necessary for the plaintiffs to allege and prove that they had title to the land in controversy and that the deed sought to be canceled constitutes a cloud on their title; (2) that in such a suit for such a purpose it was necessary for the plaintiffs to plead and prove facts constituting a cause of action for cancellation of the deed in question; and (3) that proof that the land covered by the deed sought to be canceled was situated in Wood County and the introduction of the petition containing allegations that the deed was obtained by fraud were insufficient to prove that the deed was void and constituted a cloud on plaintiff's title to land in Wood County.

Tersely stated, the purpose of this suit is to recover title to a tract of land situated in Wood County. If the deed is canceled, the title to the land will be restored in the plaintiffs.

■ Mr. Justice Dunklin, speaking for this court in Smith et al. v. Abernathy, 6 S.W.2d 147—a suit "on all fours" with the instant suit—holds that the fact that the land was situated in Cooke County was the only fact necessary to be alleged in the controverting affidavit for the purpose of

showing venue in Cooke County to remove cloud from title within the meaning of Article 2007, Revised Civil Statutes, and that plaintiff was not required to prove the facts upon which he relied to remove cloud from his title, as those facts would not bear upon the issue of proper venue of the suit.

Other cases supporting our view of the case are: Liles et al. v. McDonald et al., Tex.Civ.App., 63 S.W.2d 886; Nevels v. Harris, Tex.Civ.App., 95 S.W.2d 1315; Elder v. Miller, Tex.Civ.App., 116 S.W.2d 1171, 1173; Babno v. Compton, Tex.Civ. App., 230 S.W. 240; Dees v. McDonald, Tex.Civ.App., 36 S.W.2d 301; First Nat'l Bank of Electra v. Guyer, Tex.Civ.App., 40 S.W.2d 212; and Galbreath et al. v. Farrell, Tex.Civ.App., 221 S.W. 1015, writ refused.

The venue of the instant suit being fixed by subdivision 14 of Article 1995, Revised Civil Statutes, the judgment of the trial court is affirmed.