### SMITH v. MITCHELL.
### No. 14374.

Court of Civil Appeals of Texas. Ft. Worth.
April 17, 1942.

Cunningham, Lipscomb & Cole, of Bonham, for appellant.

John Culp, T. J. Vaughan, and L. V. Henry, Jr., all of Gainesville, for appellee.

BROWN, Justice.

This suit involves only the right of appellant, Sim Smith, to be sued in the county of his residence—Fannin.

Appellee, G. L. (Stogie) Mitchell, brought suit in the district court of Cooke County against appellant, the petition containing two counts.

In the first count plaintiff seeks to recover title to an undivided one-half interest in a certain city lot, in the City of Gainesville, together with the improvements placed thereon, and the allegations are such that they raise the issue of a constructive trust by reason of an alleged agreement had between the parties prior to the land being purchased and title thereto taken in the name of appellant, and the acts and services of appellee before and subsequent to the purchase.

In the second count it is alleged that, in the event it be held that no trust has been created by reason of the acts, agreements and conduct of the parties, then, because of the labor done and services rendered in and upon the premises and certain fixtures and appliances furnished by appellee and placed therein, appellee is entitled to an equitable lien upon the premises, etc., which is sought to be foreclosed to satisfy the indebtedness alleged to be due and owing to appellee.

Appellant filed a plea of privilege to be sued in the said county of his residence.

Appellee presented a controverting plea and alleged that venue lies in Cooke County by reason of subdivisions 12 and 14 of Article 1995, Vernon's Texas Annotated Civil Statutes.

Issue being joined, the plaintiff introduced his controverting plea and his petition for the purpose of showing the nature of the cause of action brought, and evidence was also introduced showing that the land involved is situated in the City of Gainesville, in Cooke County.

Appellant objected to the introduction of the controverting plea and petition

in evidence. The objection would have been good if this were a case where venue facts must be proved in order to make out a prima facie case. But this is a case where the only venue fact required to be proved was that the land involved is in Cooke County. That proof was made.

■ We are of opinion that the trial court could and should have looked to the petition to ascertain the nature of the suit, when proof was made that the land in question lies in Cooke County; and there could be no error in admitting same in evidence for the purpose of showing the nature of the suit.

We had before us a similar situation in the case of Stuart et al. v. Herman et al., 157 S.W.2d 939, in which we affirmed the trial court in overruling the pleas of privilege filed by the several defendants.

It appears that, after our judgment was rendered, the defendants in that case undertook, through a mandamus proceeding brought in the Supreme Court, to seek a review of the case and a reversal of our judgment.

The Supreme Court denied the application for the writ.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.