COWDEN v. COWDEN.

No. 4406.

Court of Civil Appeals of Texas. El Paso.
Oct. 26, 1944.

On Rehearing April 12, 1945.

Klapproth & Hamilton, of Midland, for appellant.

Stubbeman, McRae & Sealy, of Midland, and McGee & Tilley, of Fort Worth, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Midland County sustaining appellee's plea of privilege to be sued in Travis County, the county of her residence, and transferring this cause, insofar as it involves a controversy between appellant and appellee, to the District Court of Travis County.

On December 22, 1943, appellant, as plaintiff, filed this suit in the District Court of Midland County, in which appellee and Jim W. Baker and wife, Mrs. Jim W. Baker, were made defendants. The petition contained all the requisites of an action of trespass to try title, including claims for damages and rents, as prescribed by Rule 783, Texas R.C.P. The land was described as the northwest one fourth and north one half of the northeast one fourth of Section 14, Block 38, Township 2-South, Midland County, Texas, and Sections 24, 26, 27, 34 and 35, Block 43, Township 1-North, Ector County, Texas. Appellant also alleged that he and appellee Jett Cowden were formerly husband and wife and had been divorced; that no settlement had been made of their community property rights, and that the Midland County land was a part of their community property in which he owned an undivided one half interest, and that he owned all of the surface of the five sections, and mineral interest totalling 550 acres of the five sections, of the Ector County lands.

On January 13, 1944, appellee filed a disclaimer of any title, interest or right of possession in the Midland County land, and also a "Plea to the Jurisdiction and of Privilege," in which she incorporated her disclaimer, and alleged that the only property to which the title and possession was involved was the Ector County land. It also contained all of the requisites prescribed by Rule 86, R.C.P., of a plea of privilege to be sued in the county of one's residence, alleging that Travis County was the county of her residence at all relevant times.

Thereafter appellant filed his controverting plea, in which he alleged that part of the lands sued for were situated in Midland County within the meaning of Exception 14 to Article 1995, Vernon's Ann.Civ. Sts.

Appellee filed an "Amended Plea of Privilege and Amended Plea to the Jurisdiction," in which she alleged that the Midland County lands were embraced as part of the subject matter of the suit for the fraudulent purpose of fixing venue in Midland County; that appellant at no time ever had any interest in such lands; that he knew at the time of filing the suit that the lands had been deeded to her as part of her separate estate, and that the consideration therefor was paid from her separate funds, and that long prior to the filing of the suit she, joined by him (her then husband) pro forma, had by deeds conveyed such lands to the defendant Jim W. Baker. She further alleged that appellant owned no interest in the Ector County lands, he having conveyed all his interest therein to her on April 23, 1930. She prayed in the alternative that the suit be transferred to Ector County.

Appellant filed an "Amended Controverting Plea," in which he denied all the allega-

216

tions of appellee's "Amended Plea of Privilege," and alleged that the Midland County lands were purchased with community funds. In the alternative he prayed that if the District Court of Midland County did not have venue to try the case, that it be transferred to the District Court of Ector County.

Trial was to the court, resulting in the order above indicated.

The Judge filed elaborate findings of fact and conclusions of law, in which he found the allegations of appellant's petition were substantially as above outlined; that the Midland County lands, prior to the time of filing the suit, were conveyed to appellee as her separate property, and that she, joined by appellant (her then husband), had by deeds conveyed all of her right, title and interest to such lands to the defendant Jim W. Baker; that only the defendants J. W. Baker and Mrs. J. W. Baker asserted ownership and title to the Midland County lands, and that appellee had filed a disclaimer asserting that she neither owned nor claimed any title or interest therein; that only appellee asserted ownership and title to the Ector County lands; that the controversy relating to the lands lying in Midland and Ector Counties, respectively, was severable; that appellant had failed to prove the allegations in his controverting and amended controverting affidavits establishing venue as between him and appellee in Midland County; that at all relevant times the appellee was a resident of Travis County; that appellee announced in open court that she was abandoning and dismissing her alternative plea and would stand on her amended plea of privilege asking that the action insofar as it related to any controversy between her and appellant be transferred to the District Court of Travis County. In response to appellant's request for additional findings, he found that "The Plaintiff, Edd Cowden, in filing and instituting this suit in the District Court of Midland County, Texas, did not allege the ownership of lands in Midland County, Texas, for the fraudulent purpose of fixing venue in the District Court of Midland County, Texas, but made such allegations and instituted such suit in Midland County in good faith."

These findings are not challenged. From them the Judge concluded, as a matter of law, that appellant "failed to establish statutory right to maintain the action in Midland County insofar as it involved any controversy between him and the defendant Jett Cowden," and sustained appellee's plea of privilege.

"The venue facts which a plaintiff, desiring to sue a defendant outside the county of defendant's domicile, must allege and prove, if the defendant asserts his privilege, are those which are stated in the particular exception of article 1995 which is applicable or appropriate to the character of suit alleged in plaintiff's petition." Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, at page 93.

It has been uniformly held that under Exception 14 to Article 1995, R.C.S., in actions of trespass to try title or suits to recover lands, there can be but two material issues on a plea of privilege, i. e., the nature of the plaintiff's cause of action and the location of the land; that the best evidence of the nature of the cause of action in suits of this character is the petition itself, and that to sustain venue the plaintiff is only required to establish that the nature of his suit is one to recover lands, and that the land sued for, or a part thereof, is situated in the county in which the suit is filed. Stuart v. Herman, Tex.Civ. App., 157 S.W.2d 939. Mandamus refused, see Smith v. Mitchell, Tex.Civ.App., 161 S.W.2d 591, at page 592, last column; Higginbotham-Bailey-Logan Co. v. Hancock, Tex.Civ.App., 4 S.W.2d 583; Dees v. McDonald, Tex.Civ.App. 36 S.W.2d 301; Walter v. Hammonds, Tex.Civ.App., 42 S.W.2d 1084.

There is no question under the findings but that the nature of appellant's cause of action is a suit for the recovery of lands within the purview of Exception 14, supra. Nor can there be any serious contention, under Finding No. 11, i. e., "that the controversy as relates to the lands lying respectively in Midland and Ector County, Texas, is severable," that a part of the land sued for lies in Midland County.

Under the express provisions of Exception 14 to Article 1995, R.C.S. (the venue statute), a defendant in an action of trespass to try title in which the plaintiff seeks to recover lands, part of which are situated in the county in which the suit is filed, in the absence of fraud, cannot defeat venue in such county by establishing as a fact that neither the plaintiff nor such defendant owns any title or interest in such lands, or that such defendant claims no title or interest therein. In other words, a plaintiff filing such suit in good faith

can maintain venue in the county in which a part of the lands which he seeks to recover is situated, although it be established as a fact that neither he nor such defendant own any title or interest in such lands, and that such defendant claims no title or interest therein. By its express provisions Exception 14 states the facts which must exist to establish venue in such cases. A construction which, in the absence of fraud, would permit the venue so established to be defeated by proof that neither the plaintiff nor the defendant owned any title or interest in a part of the lands sued for, and that the defendant claimed no title or interest therein, would make venue in such cases depend upon the merits of the controversy between such plaintiff and defendant, and would superimpose by judicial construction a limitation of the venue prescribed by Exception 14 not warranted by the express language thereof.

In our opinion such construction would conflict with the opinions, if not with the decisions, in all of the cases cited. We are unwilling, in the absence of fraud, to extend the scope of the rule enunciated by those authorities to effect that under Exception 14 venue is conclusively established when it is shown that plaintiff's suit is one for the recovery of lands and that such lands, or a part thereof, are situated in the county where the suit is filed.

Under the findings of fact the court erred in his conclusion of law that plaintiff failed to sustain venue of the suit insofar as it affects the controversy between appellant and appellee in Midland County.

The order appealed from is reversed and judgment here rendered overruling appellee's plea of privilege to be sued in Travis County.

Reversed and rendered.

### On Rehearing.

This is an appeal from the judgment of the District Court of Midland County sustaining the plea of privilege of the defendant, Mrs. Jett Cowden, and ordering the case as between Mr. and Mrs. Cowden transferred to Travis County. The case is pending here on Mrs. Cowden's motion for a rehearing. This Court reversed the judgment of the trial court and rendered judgment overruling the defendant's plea of privilege. On motion for rehearing, we certified certain questions to the Supreme Court. The Supreme Court took jurisdiction and returned answers to same.

Cowden v. Cowden, Tex.Sup., 186 S.W.2d 69.

The facts and questions certified are fully stated in the opinion of the Supreme Court and it would serve no useful purpose to again recount them. In conformity with that opinion, the motion for rehearing of Mrs. Cowden is granted and our former judgment reversing and rendering the judgment of the trial court is set aside.

The judgment of the trial court is here reformed so as to provide that jurisdiction be retained as to Mrs. Cowden to enter judgment on her disclaimer and try the issues as to eviction and detention of possession as to Midland County land. It may be that this modification is the proper construction of the order made but in the interest of clarity this action is taken. The judgment as modified is in all other things affirmed.