**LOTT et al. v. FIELDS.**

No. 12219.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 7, 1951.

Rehearing Denied March 7, 1951.

Russell S. Ponder, San Antonio, for appellants.

Jack F. Ridgeway, San Antonio, for appellee.

POPE, Justice.

This is an appeal from an order overruling appellants' plea of privilege and re-

lates to Article 1995, subd 14, Vernon's Ann.Civ.Stats.

Appellee, Maude Ola Fields, a widow, filed suit in Bexar County against appellants, Annie May Harding Lott and husband, and sought to set aside a deed dated April 12, 1949, and also prayed that the title to the property involved be vested in her. She alleged that prior to and on that date she was infirm and mentally incapacitated, and that if she actually executed the deed, the execution was induced by fraud practiced upon her during her period of incapacity. Appellant, Annie May Harding Lott, was the grantee in the deed to the property in question, which was located in Bexar County. Appellee, Mrs. Fields, admittedly was a resident of Bexar County and appellants admittedly were residents of Nueces County.

Appellee's controverting affidavit stated that venue for the suit should properly be Bexar County by reason of Article 1995, subd 14, Vernon's Ann.Civ. Stats., and this contention was sustained by the trial court in overruling the plea of privilege. Section 14 is a mandatory venue exception which fixes venue at the situs of the property in instances of suits for the recovery of lands or damages to land, or to remove incumbrances upon the title to land, or to quiet the title to lands, or to prevent or stay waste on lands. Appellants urge that the suit should be transferred to Nueces County, which is their residence, and that Section 14 is inapplicable since this suit was brought primarily to effect a cancellation of and to set aside a deed that had been procured by fraud. They do not, however, rely upon Section 7 of the venue statute relating to fraud, a permissive section, which places venue in the county where the fraud was allegedly committed.

We shall affirm the order of the trial court and hold that the suit should be brought in Bexar County under the provisions of Section 14 of the venue statute. The authorities cited by appellants are cases which arose out of a construction of the limitation statutes and they hold that suits to remove cloud from title are not actions for the recovery of real estate under Article 5529. While helpful, these decisions are not controlling. Section 14 of the venue statute is much broader than Article 5529. The venue statute has been construed to mean that suits to remove cloud from title are included within Section 14 and must be brought where the land is situated. It does not necessarily follow, however, that such a suit is one for the recovery of real estate under the phraseology of Article 5529.

We are unable to distinguish this suit from Galindo v. Garcia, Tex.Civ.App., 222 S.W.2d 477, and the long line of decisions holding that such actions fall within Section 14 placing venue in the county where the property is located. Stuart v. Herman, Tex.Civ.App., 157 S.W.2d 939; Jones v. Ford, Tex.Civ.App., 118 S.W.2d 333; Norvell v. Stovall, Tex.Civ.App., 95 S.W.2d 1313; Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 77 S.W.2d 900; Liles v. McDonald, Tex.Civ.App., 63 S.W. 2d 886; City Central Bank & Trust Co. v. Corder, Tex.Civ.App., 45 S.W.2d 742; Grogan-Cochran Lumber Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995.

The judgment of the trial court is affirmed.