**Eva M. MILLER, Appellant,**

v.

**Charles E. MILLER, Appellee.**

**No. 14219.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1964.

Rehearing Denied March 11, 1964.

House, Mercer, House & Brock, Franklin D. Houser, San Antonio, for appellant.

Robert I. Wilson, Burkett & Petsch, Kerrville, for appellee.

BARROW, Justice.

This is a boundary line dispute between appellant, Eva M. Miller, and her former husband, Charles E. Miller, concerning land located in Kerr County, Texas. During the course of a jury trial, the trial court sustained appellee's motion to dismiss the suit for want of jurisdiction. Appellant has perfected this appeal from the judgment of dismissal, and the sole point is whether the Kerr County District Court has jurisdiction.

Appellant and appellee were divorced on July 21, 1955, by the District Court of Bastrop County, and that decree is now a final judgment. On July 15, 1955, the parties executed a property settlement agreement which was attached to and made a part of the divorce decree. Among other community property, the parties owned a tract of land in Kerr County containing approximately 377 acres, which is the subject matter of this controversy. The property settlement agreement provided that appellant would receive 124 acres out of the tract, including the house and improvements in connection therewith, and appellee would receive the remaining 253 acres. The agreement further provided that if a survey showed a variance from 377 acres, each party would receive or lose one-half of the amount of the variance.

The divorce decree approved the property settlement agreement and specifically set aside to appellant 124 acres of the Kerr County tract. Her tract was described in the decree by metes and bounds. In addition, the decree provided that if a survey of the tract awarded to her showed less than 124 acres, "then a line shall be drawn parallel to the N. W. line of the J. C. Hays Survey No. 117, being the S. E. line of the Selph Survey and the S. E. line of the J. R. Rarsons Survey, such line to include sufficient acreage to make up the deficiency." Shortly after the divorce was granted, appellee executed and delivered to appellant a warranty deed to 124 acres, with the same description as contained in the divorce decree. This deed, dated July 21, 1955, was duly recorded in the Kerr County deed records.

It is undisputed that a survey of the Kerr County tract showed that it contained a total of 406.32 acres, in lieu of 377 acres, and that appellant is entitled to 138.66 acres under the property settlement agreement. The dispute between the parties is over the location of the original 124 acres. Appellant relies on the description in the deed, which she asserts provides for an east-west division of the original tract, whereas appellee asserts that the agreement was to divide the tract on a north-south line, with appellant to receive her 124 acres from the southerly part and appellee's remainder to be located in the northerly part.

Appellee urges that the true nature of this suit is for enforcement of the 1955 divorce decree and therefore the Bastrop County District Court has exclusive jurisdiction. It is seen, however, that all provisions of the

divorce decree have been carried out, insofar as the land in controversy is concerned. Appellee executed a deed conveying the land to appellant. Obviously a boundary line dispute or construction of the deed could not be resolved by contempt proceedings. The divorce decree is final and the Bastrop County District Court would not have jurisdiction to change the disposition of the community property of the parties.

It is our opinion that under the pleadings of both parties, the suit involves title to land, and the District Court of Kerr County has jurisdiction. Art. 5, § 8, Texas Constitution, Vernon's Ann.St. Art. 1906, Vernon's Ann.Civ.Stats.; Stewart v. Patterson, Tex.Civ.App., 204 S.W. 768, writ ref. Appellant pleaded the deed to her and asked for a construction of same, and for a declaration of the rights of the parties under said deed. She specifically prayed that the court determine the boundary line between the parties. The land is located in Kerr County and the District Court of that County has jurisdiction and venue of suits for recovery of land, to remove cloud from title, or to quiet title. Art. 1995, Subd. 14, Vernon's Ann.Civ.Stats.; Hidalgo & Cameron Counties Water Control & Imp. Dist. v. Maverick County Water Control & Imp. Dist., Tex.Civ.App., 349 S.W.2d 768.

Appellee pleaded that the deed was signed by him through fraud, accident or mistake and that he had no intention to execute or deliver such a deed. He further alleged that the deed was void because the description was too ambiguous, vague and indefinite. He prayed affirmatively for judgment cancelling the deed to appellant. This pleading involves incumbrance or cloud on title to land and the suit is required to be brought in the District Court where the land is located. Lott v. Fields, Tex.Civ.App., 236 S.W.2d 878; Galindo v. Garcia, Tex.Civ. App., 222 S.W.2d 477.

The trial court erred in dismissing the suit for want of jurisdiction. The judgment is therefore reversed and the cause remanded for trial.