Charlene Johnson PINKSTON, Appellant,

v.

Allen Byrd JOHNSON, Jr., Appellee.

No. 6033.

Court of Civil Appeals of Texas, Waco.

Feb. 15, 1979.

Hilton H. Howell, Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, Richard A. Pelley, Nance, Caston & Nall, Sherman, for appellant.

Bill Walls and W. C. Roberts, Jr., Roberts, Walls & Boydston, Dallas, for appellee.

HALL, Justice.

This is a venue case. Defendant-appellant Charlene Johnson Pinkston is a resident of Grayson County. Plaintiff-appellee is a resident of Dallas County. This suit was filed in McLennan County. The single question presented for review is whether the order overruling defendant's plea of privilege to be sued in the county of her residence was correct under the provisions of subdivision 14 of Article 1995, Vernon's Tex.Civ.St. We hold that it was.

Subdivision 14 of the venue statute provides: "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Whether the nature or character of a suit falls within subdivision 14 is determined by the relief pleaded for in the plaintiff's petition. *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Evans v. Speed,* 339 S.W.2d 257, 258 (Tex.Civ.App.—Fort Worth 1960, writ dism.). It is the "ultimate or dominant

purpose" of the suit, as shown by plaintiff's pleadings, that controls. *Texaco, Inc. v. Gideon,* 366 S.W.2d 628, 631 (Tex.Civ.App.—Austin 1963, no writ); *Garrison v. Morrow,* 300 S.W.2d 175, 177 (Tex.Civ.App.—Beaumont 1957, writ dism.).

Plaintiff alleged that on April 3, 1959, he and defendant were granted a divorce in the Domestic Relations Court of Dallas County, Texas, but that the judgment of divorce made no provision for the division of the parties' community property; that the parties reached an agreement as to the division of their property which provided in part that plaintiff receive as his sole and separate property Lot 29, Block 1, of the Castle Crest Addition to the City of Waco, McLennan County, Texas; that the parties had acquired the lot by deed dated May 31, 1954, which is recorded in Volume 742, Page 185 of the Deed Records of McLennan County; that on April 22, 1959, in order to effect the terms of their property division agreement, defendant executed a special warranty deed purporting to convey to plaintiff Lot *20*, Block 1, of the Castle Crest Addition to the City of Waco, McLennan County, and that the deed was recorded in Volume 895, Page 427, of the Deed Records of McLennan County; and that "neither party has ever had nor do they have at this time any right, title or interest in and to said Lot 20 and that the citing of Lot *20* was a mistake and should have been listed as Lot *29* of Block 1 of said Addition." Plaintiff prayed for judgment "vesting title of Lot 29, Block 1, of the Castle Crest Addition to the City of Waco, McLennan County, Texas, out of the defendant and vesting title to said property into the plaintiff, and declaring the previously recorded deed to be null and void, and for such other and further relief to which plaintiff may show himself justly entitled."

It is the settled rule that a suit for specific performance of a contract to convey an interest in land does not come under the provisions of subdivision 14 of the venue statute. *Smith v. Hall,* 147 Tex. 634, 219 S.W.2d 441, 444 (1949). Defendant views plaintiff's petition as acknowledging that she owns an undivided one-half interest in

the property in question by asking that the court divest title to the property "out of the defendant" and vest title "into the plaintiff," and as setting up only a suit for specific performance by her of their property division agreement. Oppositely, plaintiff asserts that he has "clearly [alleged] a suit for reformation of the deed."

We do not agree with defendant's construction of plaintiff's pleadings. Plaintiff did not allege that defendant has breached their agreement and has refused to perform. Rather, plaintiff alleged that defendant complied with the agreement that he receive Lot 29 by executing her deed to him, but that the deed mistakenly described the property to be Lot 20 rather than Lot 29. Plaintiff's pleadings show that the parties have never owned an interest in Lot 20. It is plain that the dominant purpose of plaintiff's suit is to correct a mutual mistake by the parties in a deed which was intended by them to effect their property settlement agreement.

Defendant did not except to plaintiff's pleadings. We agree with plaintiff and hold that the petition may be reasonably construed as alleging a suit for reformation of the deed executed by defendant, and that it would support a judgment for that relief. A suit of that nature comes within the provisions of subdivision 14. *Nunnally v. Holt,* 1 S.W.2d 933, 934 (Tex. Civ.App.—Texarkana 1927, no writ).

*The facts in the Nunnally case were* strikingly similar to those in our case. There, the plaintiff alleged that by mutual mistake the defendants conveyed to him an undivided 1/32nd interest in an oil and gas lease when it was the intention of the parties that he should. have received an undivided 1/4th interest in the lease. He prayed for "judgment directing and compelling defendants to execute a new and reformed mineral deed which shall properly name and fix the interest of the plaintiff" and for "such other and further relief, special and general, in law and in equity, that plaintiff may justly be entitled to." It was held plaintiff pleaded a suit for correction of the executed deed and not one for specific performance. The court said, "If [plaintiff]

should establish the facts alleged, the court would be called upon to decree declaring the mistake and ordering reformation. In effect, by the decree the court makes the deed just what the parties intended it to be. The court may not make determination of his interest in the realty enforceable in any other form. And such decree is sufficient to immediately pass title . . . Thus it would seem that the relief sought and obtainable would be so far immediately concerned with or relating to title to realty as to operate, in view of [subdivision 14], to restrict the venue to the location of the realty. . . . The vital question was the quieting of title to the realty. . . . [T]he remedy asked is of correction or re-execution of the deed, and not essentially of specific performance."

In *Thomson v. Locke,* 66 Tex. 383, 1 S.W. 112, 114 (1886), our Supreme Court said, "The evident intention [of subdivision 14] was to provide the venue in all actions in which the title to land was in controversy." We hold the present suit is not an action for specific performance. Unquestionably it involves the title to land. See, *Norvell v. Stovall,* 95 S.W.2d 1313 (Tex.Civ. App.—Beaumont 1936, no writ), which cited the holding in *Nunnally v. Holt,* supra, with approval.

The judgment is affirmed.